UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANUEL A. GERONIMO
  Petitioner

Vs.          Civil Action No. 05-01057 (JDB)

EXECUTIVE OFFICE For UNITED
STATES ATTORNEYS,
  Respondent,

### Reply Brief and Motion For Summary Judgment

  Now comes the Petitioner and respectfully submits his reply to Defendant's Answer. As reasons therefore Petitioner submits that Defendant's answer does not dispute any of the facts pleaded by the Petitioner, and disputes only the legal conclusion without citing any authority. Petitioner further submits that on July 18, 2005, he received a copy of an Order of this Honorable Court dated July 7, 2005. This Honorable Court noted, "defendant raises grounds for dismissal, but it has not file a dispositive motion or stated its intention to do so." As established in the pleadings herein submitted it is absolutely clear that Defendants assertions are frivolous and cannot sustain a legal analysis of the dispute. The Petitioner therefore respectfully moves for Summary Judgment.

### Facts Undisputed By Defendant

1. "Defendant admits - - that Plaintiff sent a request letter to EOUSA dated February 3, 200[3] (sic), which EOUSA



1

received February 12, 2003." See <u>Defendant's Answer, p2 Line 8</u>.

2. "Defendant [also] admits that Plaintiff sent a letter dated November 21, 2004." <u>Id, p2, Line 19</u>.

3. "Defendant [also] admits - - that Plaintiff sent a letter dated February 14, 2005." <u>Id, p3, Line 15</u>.

4. "Defendant [also] admits - - that Plaintiff sent a letter dated March 29, 2005." <u>Id, p3, Line 21</u>.

5. Defendant also admits that Exhibits A, B, C and D are "the best evidence of [] the contents" of the initial request and three follow up reminders." <u>Id, p2-4</u>.

6. "Defendant [also] admits - - that EOUSA sent a letter dated January 31, 2005," <u>Id, p3, Line6</u>, about two years from Plaintiff's first request.

**Facts Fabricated By The Defendant**

Instead of taking the responsibility for harassing the Petitioner for over two years, Defendant chooses to fabricate evidence that never existed until a few days prior to filing its reply[1].

> "EOUSA avers that the search was in fact performed by the US. Attorney's Office for the District of Massachusetts, not the U.S. Attorney's Office for the District of Maine. Defendant further avers that there was a (sic) typographical error in Exhibit B. A corrected letter to Plaintiff is attached as Defendant's Exhibit A to this Answer."

See <u>Answer, p3</u>. The document now provided by the Defendant, which purports to be "CORRECTED" version (<u>Answer, Exhibit A</u>) of

---

[1] Defendant's Answer is dated July 5, 2005, and the date of the fabricated document that purports to be a corrected version of Petitioner's Exhibit B is June 28, 2005. <u>Compare Petition, Exhibit B with Defendant's Answer, Exhibit A</u>.

2

the original (Petition, Exhibit B) is so obviously and daringly fabricated that it shows Defendant's willingness to show little respect for this Honorable Court. Defendant's misrepresentation is in bad faith and unbecoming of its office representing the United States Attorneys.

In order to make the fabricated document look like a typographical correction of the original, the Defendant checks the same two items, i.e. item no 2 and 5. But there was a problem. Maine obviously had no records, so item no. 2 was a truthful disclosure in the original. But Massachusetts did have the records, so to make it appear that "Maine" was a typographical error Defendant mischievously adds a qualification "NOTE" to the item #. 2. See Answer Exhibit A. It is absurd to first say that there are no records and then qualify it by describing "approximately 3500 pages."

### Legal Arguments

Without citing any authority or a sustainable legal theory the Defendant puts forth three Defenses, each one of is frivolous and falls flat on its face.

### First Defense

Defendant claims "Plaintiff failed to state a claim upon which relief can be found," without providing any logic or rational. The Petitioner clearly claimed his grievance from Defendant's "failure to comply within the time limits" of maximum of twenty (20) days mandated by 5 USC§ 552 &552a. By no stretch of imagination the 20-day limitation can be stretched to two years. Defendant cites no authority or counters the authorities cited by Petitioner in support of its first defense.

### Second Defense

The Defendant claims "[t]he Court lacks subject matter jurisdiction, because no records were improperly withheld." The admitted facts clearly establish that Defendant acted in bad faith in withholding the disclosure of records for over two years. A federal court does not have subject matter jurisdiction over a federal FOIA dispute is plainly absurd.

### Third Defense

The Defendant finally claims, "Plaintiff has failed to exhaust his administrative remedies due to the fact that he failed to file an administrative appeal prior to filing his compliant." Defendant's fabricated "CORRECTED" document is the only communication that acknowledges that the records indeed exist. This document is dated June 28, 2005, more than two years after Petitioner's first request in 2003. Moreover, and importantly, even this fabricated document came in response to the instant Mandamus action, and not in response to Petitioner's repeated requests. Prior to producing this document there was no decision rendered, which Petitioner could appeal. What administrative remedy lies from the actions of an agency that refuses to respond to numerous requests from the Petitioner?

In response to the legal authority[2], which authorizes the instant action, the Defendant avers, "no answer is required" for Petitioner's "legal conclusions." Defendant indeed does not have any answers because provisions of the FOIA are absolutely clear.

---

[2] 5 USC §552(a)(6)(c) clearly and unambiguously authorizes that Petitioner may "immediately seek judicial review" if "[a]n agency's failure to comply with the time limits for either the initial request or administrative appeal" without "administrative remedies".

4

**CONCLUSION**

There is no legal basis for the Defendant to deny its liability under FOIA. On the contrary Defendant has gone so far as fabricating evidence to damage the sanctity of this Honorable Court. Because of the Defendant, Plaintiff has suffered loss of crucial time in presenting his defense in his collateral attack of his conviction. Defendant is indigent and yet was required to pay filing fee for the instant action. As a sanction for its misconduct the Petitioner respectfully prays that this Honorable Court order the Defendant,

i) Provide copy of all 3500 pages of the record at no cost to Plaintiff, and
ii) Pay the Plaintiff the entire monetary and emotional cost of this litigation which is approximately $500.00
iii) Admonish Defendant for fabricating evidence to mislead this Honorable Court.

Respectfully submitted,

Dated: 7-19-05

Manuel A. Geronimo

**CERTIFICATE OF SERVICE**

I, Manuel A. Geronimo, do hereby affirm and attest that a true copy of the forgoing was mailed on this date by first class mail to Assistant United States Attorney Rhonda C. Fields at the United States Attorney's Office for the District of Columbia Judiciary Center 555 Fourth Street, N.W. Washington, D.C. 20001

Manuel A.Geronimo
Reg. No. 22893-038
FMC Devens
P.O. Box 879
Ayer, MA 01432