IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL A. GERONIMO,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, et al..,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civ. No. 1:05-cv-01057 (JDB)

## DECLARATION OF JOHN F. BOSEKER

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1) I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am specifically assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.§552a(1988).

2) Due to the nature of my official duties, I am personally familiar with the FOIA/PA request made to EOUSA by Mr. Geronimo, which forms the basis for this litigation.

3) My official duties include: having the authority to make final disclosure determinations on records requested by an individual using the FOIA/PA, to assure compliance with the provisions of the FOIA and PA and DOJ Regulation 28 CFR§16.3 et seq., and §16.40 et seq., as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4) My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorneys offices ("USAO's"); reviewing request-related

correspondence; reviewing searches performed in response to requests; and reviewing responses made to those requests.

5) The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## BACKGROUND

**FOIA Nos. 03-431 & 03-1038**

6) On February 12, 2003, EOUSA received a letter dated February 3, 2003, from Mr. Geronimo. This letter asserted that he had previously sent a letter dated November 13, 2002 to EOUSA, a copy of which was attached. **Exhibit A attached.** (EOUSA was unable to verify receipt of this earlier letter.)

7) By letter dated February 24, 2003, EOUSA responded to Mr. Geronimo by advising him that he needed to provide EOUSA with a certification of his identity, by one or more means described, and enclosed a form to assist him in complying with that requirement. In relevant part, the letter notified him that it had assigned his letter FOIA No. 03-431, and that this was the final determination by EOUSA regarding his letter. He was provided notification that he could appeal this determination to the Office of Information and Privacy within 60 days of EOUSA's letter, and given the address to which he could send the appeal. **Exhibit B attached.**

8) By letter dated March 3, 2003, received by EOUSA March 11, 2003, Mr. Geronimo resubmitted his request for records on "my case agent's entire file... pertaining to me in criminal case no. 1:00CR10013-001, District of Massachusetts." **Exhibit C attached.** Mr. Geronimo enclosed the completed certification of identity form to this letter, (which is not attached to this declaration).

9)     By letter dated April 15, 2003, EOUSA notified Mr. Geronimo that it had received his certification of identity and assigned his request FOIA No. 03-1038. He was advised that if his request constituted a very large request (i.e., a "Project Request" included a request for "all information about myself in criminal case files"), that the time it would take EOUSA to respond could be up to nine months. He was given the option to narrow his request for more specific records in order to reduce the time it might take to search and reply. **Exhibit D attached.**

10)     On June 4, 2003, EOUSA received a letter dated May 28, 2003, from Mr. Geronimo in which he 'complained' to EOUSA of the delay in responding to his request. He did not, however, narrow his request. **Exhibit E attached.**

11)     By letter dated June 25, 2003, EOUSA notified Mr. Geronimo that it had received his correspondence, that there was a delay in processing his request, and that EOUSA was applying *Open America v. Watergate Special Prosecution Force*, to his request. **Exhibit F attached.**

12)     By letter dated November 21, 2004, Mr. Geronimo re-iterated his request for all records on himself. **Exhibit G attached.**

13)     On or about January 3, 2005, EOUSA was notified by the FOIA contact for the U.S. Attorneys Office for the District of Massachusetts ("USAO/DMA") that the only records located were public records: approximately 1500 pages of trial transcripts, 1000 pages of appeal transcripts, and 1000 pages of appeal materials.

14)     By letter dated January 31, 2005, EOUSA notified Mr. Geronimo that it had located no responsive records after searching the USAO "District of *Maine" (emphasis added)*. The letter advised him of his right to appeal this determination to the OIP within 60 days of the date of this letter. **Exhibit H attached.** (It should be noted that the reference to the USAO/DME

was a typographical error, and that the top of the letter states "Subject:Self/DMA", indicating the USAO/DMA.)

15)     By letter dated February 14, 2005, Mr. Geronimo responded that he was confused by the EOUSA letter because he had never requested any records located in Maine, but that his request concerned records in his criminal case file in Massachusetts. **Exhibit I attached.**

16)     The above-captioned action was filed May 26, 2005, and served on EOUSA on or about June 7, 2005.

17)     By letter dated June 28, 2005, EOUSA sent a "corrected" response to its letter of January 31, 2005 (Exhibit H), indicating that a search had been performed by the U.S. Attorneys Office for the District of Massachusetts, and that the USAO had not located "case agent's entire file etc.", noting that the USAO had located approximately 3000 pages of public records, which were available to him at a cost of ten cents per page after the first 100 pages (which were free). These records could be obtained by writing to EOUSA and specifically asking for them. **Exhibit J attached.**

18)     To date, Mr. Geronimo has not made any written request for the public records described in this letter, nor does it appear that any administrative appeal was made of the EOUSA determination letter of January 31, 2005 (Exhibit H). (It does appear that Mr. Geronimo filed an earlier appeal with OIP August 14, 2003, regarding the delay in processing, to which OIP responded that as EOUSA had not made an initial determination on his request, and no records had been denied access, it was unable to render an appeal at this time. Mr. Geronimo was advised that at the time EOUSA completed its action on his request, he could file another appeal. He was also advised that he could file action in federal court if he chose to treat OIP's letter as a denial. **Exhibit K attached.)**

19)     Subsequently, EOUSA was notified by the FOIA contact for the USAO/DMA, Mary Ellen Barrett, that its continued search for Mr. Geronimo's records had located another box of documents. These records were copied and forwarded to EOUSA for its review and determinations regarding the applicability of exemptions thereto.

20)     By letter dated September 26, 2005, EOUSA notified Mr. Geronimo that it had processed the materials located in response to his request. Enclosed with this letter were 12 pages released in their entirety and 12 pages containing redactions. In addition, Mr. Geronimo was advised that 414 pages were being withheld in their entirety (as well as 66 pages of grand jury material), which had been reviewed for segregability, and that access to his PSR could be obtained through contacting the U.S. Bureau of Prisons directly. EOUSA further advised him that it had applied the following exemptions to material withheld in whole or part: 5 U.S.C. § 552(b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e)(grand jury); (b)(5), (b)(7)(C),and 5 U.S.C. §552a(j)(2). (EOUSA omitted exemption (b)(2), which was applied to one document.) In addition, EOUSA notified Mr. Geronimo that it had referred 669 pages of material to U.S. Customs, 140 pages to DEA, as these records had originated with those government components. These components were to review, make a determination regarding exemptions, and provide Mr. Geronimo with a direct response. Again, Mr. Geronimo was advised that public records were available upon request, subject to a copying fee. **Exhibit L attached.** [1]

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

21)     All of the records reviewed by EOUSA in response to Mr. Geronimo's request

---

[1] Defendant has received a return receipt signed by M. Johnson on 10/4/05 for the FOIA package sent to Mr. Geronimo. See Exhibit M attached.

were located in the USAO/DMA. The records are maintained in the Criminal Case File System (Justice/USA-007) and in the criminal case file *U.S. v. Geronimo, 1:00CR10013-001.*

## ADEQUACY OF THE SEARCH

22)     The FOIA contact for the USAO/DMA performed a systematic search to determine the location of any and all files relating to Mr. Geronimo's criminal case file. The computer case tracking system LIONS was used to determine all possible locations of responsive files. The databases have fields for retrieval of information based on a defendant's name, USAO file jacket number, and district court case number. The LIONS computer search was used to locate and records, as described, were located. The only records initially located were contained in Mr. Geronimo's criminal case file in docketing as described in Ms. Barrett's Declaration, and these were but public records. A further search located a box of records maintained by the Assistant United States Attorneys assigned to the case, which were forwarded to this office for processing during this pending action. (As stated above, no search was performed by the USAO/DME.)

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

23)     EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by the Acts. The Criminal Case Files (Justice/USA-007) are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated rules exempting these records from the PA's access provisions as authorized by 5 U.S.C.§552a(j)(2), which appears at 28 CFR §16.81. Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. As the entire case file pertained to a criminal prosecution, it was compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive

records withheld were not disclosable under the PA. Accordingly, the records were then reviewed under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

## EXEMPTION 5 U.S.C. §552(b)(2)

24) Exemption (b)(2) of the FOIA protects from mandatory disclosure of documents or portions of documents "related solely to the internal personnel rules and practices of an agency." This exemption covers two distinct categories of records designated as "high"(b)(2)or the "low" (b)(2). EOUSA applied only the "low" exemption to a single document in this case.

25) "Low" (b)(2) protects from disclosure internal procedures and practices of an agency, where that disclosure would constitute an administrative burden unjustified by any genuine and significant public benefit. Information can be protected through the use of "low"(b)(2) only if the information qualifies as an agency's personnel rule or internal practice or is sufficiently related to such a rule or practice. Thus, trivial administrative data, such as file numbers, mail routing stamps, initials, data processing notations, brief references to previous communications, and other like administrative markings are exempt from disclosure.

26) "Low" (b)(2) was applied in conjunction with exemption (b)(5) to Document 4 listed in the Index.

## EXEMPTION 5 U.S.C. §552(b)(3)

27) Exemption (b)(3) prohibits disclosure of information specifically exempted from release by the language of another statute. For a statute to support withholding information under this exemption, the statute must either (A) require that the matters be withheld from the public without discretion, or (B) establish particular criteria for withholding or refer to particular types of matters to be withheld.

28)     Federal Rule of Criminal Procedure 6(e) regulates disclosure of matters occurring before a grand jury. In order for a Federal Rule of Procedure to qualify as "a statute" it must have been affirmatively enacted into law by Congress. Rule 6(e) has been held to meet this "statute" requirement, since it was affirmatively enacted by Congress in 1977. Rule 6(e) embodies a broad, sweeping policy of preserving the secrecy of grand jury material regardless of the form in which the material is substantively contained. Such material encompasses not only the direct revelation of grand jury transcripts, but also the disclosure of information that would reveal the identities of witnesses or jurors, the substance of the testimony given before the grand jury, the strategy or direction of the investigation, the deliberations or questions of the grand jurors, and any other matter, the disclosure of which would suggest a specific act, thought, or focus of the grand jury's deliberations.

29 )     EOUSA applied this exemption in conjunction with Rule 6(e) and exemption (b)(7)(C), to documents 12 and 13. The reasons these records were withheld are because release of grand jury transcripts and the identity of persons who testified, would thereby reveal the scope of the grand jury and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual evidence produced before the grand jury. Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the Government sought to find evidence to develop its case, how the Government developed its case, and who the Government relied upon to develop the elements of the alleged crimes.

## EXEMPTION 5 U.S.C. §552(b)(5)

30)     Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three such privileged documents

or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

31)   EOUSA asserted this exemption to protect information pursuant to the attorney work product and deliberative process privileges to the following documents listed in the Index: 1, 2, 3, 4, and 9. In certain identified instances, exemption (b)(7)(C) was also applied to withhold all or part of these records.

32)   The records or portions of records to which the attorney work product privilege was applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Mr. Geronimo's criminal case. The records were prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation. The substance of the records withheld in part or in their entirety are exempt from disclosure pursuant to this privilege.

33)   In addition, these same records, in certain instances, contain deliberative process of the USAO/DMA and other federal agencies or components in their consideration of possible criminal actions against Mr. Geronimo or matters related to his prosecution and appeal. To disclose this information would reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making. The attorney work product and deliberative process, including factual information, are so interwoven as to make it all attorney work product.

## EXEMPTION 5 U.S.C. §552(b)(7)(C)

34)   Exemption (b)(7)(C) protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an

unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to prosecute Mr. Geronimo.

35) This exemption was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them. It could also lead to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case. In short, disclosure would be detrimental to the persons protected.

36) In certain instances identified in the attached Index, such information was inextricably intertwined with references to Mr. Geronimo. EOUSA was able to segregate such references and disclose Mr. Geronimo's information without creating the risk of disclosing revealing privacy-protected information of the other third party individuals discussed within.

37) This exemption was also applied to withhold the identities of individuals such as federal special agents, who participated in the investigation and prosecution of this case. Individual duties and assignments are not public and the publicity that would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting these individuals to harassment or other harm. These persons have protected privacy interests in the conduct of law enforcement investigations.

38) EOUSA determined that there was no public interest in the information if released, because its dissemination would not help to explain the activities and operations of the EOUSA. Furthermore, a prisoner's personal interest in information to challenge his conviction does not raise a FOIA-recognized interest that should be weighed against the subject's privacy interest.

(See, <u>Thomas v. Office of the United States Attorney</u>, 928 F.Supp. 245, 251 (E.D.N.Y. 1996). In short, no public interest would counterbalance or outweigh the protected individuals' privacy rights in the information withheld under this exemption.

39)     In addition, Mr. Geronimo provided EOUSA with no authorization or consents to release otherwise privacy protected materials from any of the third party individuals to whom this exemption was applied.

40)     EOUSA applied this exemption to Documents 3, 5, 6, 7, 8, 10, 11, 12 and 13 as listed in the Index. Document 5, it should be noted, consists of entirely third party individual material, to which this exemption is applied, in essence categorically..

## SEGREGABILITY

41)     Each document was evaluated to determine if any information could be segregated and released.  The documents withheld in their entirety contained no meaningful portions that could be released without destroying the integrity of the document, disclosing privileged material, or identifying a third party individual.

42)     Each step in the handling of Mr. Geronimo's request was consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA, other than the noted errors in communication set forth above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _November 15_, 2005.

JOHN F. BOSEKER

Attorney Advisor, EOUSA

Manuel A. Geronimo, # 22893-038
FMC Devens, P.O. Box 879,
Ayer, Massachusetts     01432

FOIA/Privacy Act Officer
Executive Office for United States Attorneys
U.S. Department of Justice
600 E. Street, NW , Room 7100
Washington, D.C.     20530

RE: Follow-up letter to my initial request pursuant to FOIA

Dear FOIA/ Privacy Act Officer,

                 I am writing this letter with hopes
that your agency will comply with the law pertaining to the FOIA.
   To date, on November 13, 2002, I sent a request to your agency
by certified return-receipt mail which has failed to be answered.
See: Exhibit A.
   In fact, pursuant to Title 5 U.S.C.A.§ 552 & 552a, entitled the
Freedom of Information Act; your agency has twenty-working days in
order to either comply or deny my initial request. It has been well
over twenty-days without even an answer.
   I am writing to request that you comply with the law and either
fulfill or deny my request pursuant to FOIA, or I will be forced
to seek review in the United States Court within (40) days from
this letter. I look forward to your reply.

FEbruary 3rd, 2003

                 Sincerely yours,

                 Manuel A. Geronimo, # 22893-038
                 FMC Devens, P.O. Box 879,
                 Ayer, Massachusetts  01432

cc: Original
     Attorney Janet Pumphrey



GOVERNMENT
EXHIBIT
A
EOUSA

# Freedom of Information/Privacy Act Request

FROM: Manuel A. Geronimo
NUMBER: 22893-038
    F.M.C. Devens, Unit: GR
    P.O. Box 879
    Ayer, Massachusetts 01432

DATE: __November 13 2002__

TO:   FREEDOM OF INFORMATION/PRIVACY ACT OFFICER

      United States Department of Justice
      Executive Office for United States Attorneys
      600 E Street, N.W.,Room 7100
      Washington, DC 20530

      MY DATE OF BIRTH IS: 3/8/75

      MY PLACE OF BIRTH IS: Dominican Republic

      MY SOCIAL SECURITY NUMBER IS: 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

      MY PRESENT ADDRESS IS:    P.O. BOX 879
                              AYER, MASSACHUSETTS 01432

      MY PREVIOUS ADDRESS WAS: N/A

Dear Sir/Ms.

    This letter constitutes my request for disclosure of all information contained within your files or under the control of your office pursuant to both the Freedom of Information and Privacy Acts, Title 5 U.S.C. Sections 552 and 552a.

## I REQUEST:

    My case agent's entire file pertaining either directly or indirectly to me. My criminal case entitled. U S V. Manuel Geronimo #1:00CR10013-001. out of the districts of Massachusetts, and everithing else on me. including all lab reports

# EXHIBIT "A"

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United States Department of
Justice.
Executive Office for United
States Attorneys
600 E Street, N.W., Room 7100
Washington, DC  20530.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☒ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
(Transfer from service label)

7001 2510 0004 3073 4081

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-0381

---

## U.S. Postal Service
## CERTIFIED MAIL RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

Manuel A. Geronimo. Reg# 22893-038

| | | |
|---|---|---|
| Postage | $ | .37 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.42 |

Postmark Here

Sent To
U.S. Dept of Justice. (EOUSA)
Street, Apt. No.;
or PO Box No. 600 E Street, N.W., Room 7100
City, State, ZIP+4
Washington. DC  20530

PS Form 3800, January 2001          See Reverse for Instructions

# EXHIBIT "A"



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

FEB 24

Requester: <u>Manuel A. Geronimo</u>          Request Number:<u>03-431</u>

Subject of Request: <u>Self (1:00CR10013-001)</u>

Dear Requester:

     Your recent request for records from the Executive Office for
United States Attorneys (EOUSA) has been received.  Before the
Executive Office can begin processing your request, it is necessary
for you to correct one or more deficiencies.  Please comply with
the paragraphs checked below:

1.   [X] A requester must provide a notarized example of his/her
     signature or a certification of identity under penalty of
     perjury.  This insures that information pertaining to an
     individual is released only to that person.  A form is enclosed
     for your use.

2.   [ ] The files and records of United States Attorneys are
     maintained in over one hundred separate offices throughout the
     United States.  Please identify the specific United States
     Attorney's office(s) where you believe records may be located.
     This would be primarily the district(s) in which a prosecution or
     litigation occurred.

3.   [ ] To insure that records are properly identified, provide
     subject's full name, current address, and date and place of
     birth.

4.   [ ] A request must describe the records sought in sufficient
     detail to allow location of the records with a reasonable amount
     of effort (i.e., processing the request should not require an
     unduly burdensome effort or be disruptive of Department
     operations).  Please provide more specific information about the
     records you seek, such as appropriate dates, locations, names,
     nature of the records, etc.

     By making a FOIA/PA request, you agree to pay fees up to $25,
as stated in 28 C.F.R. §16.3(c), unless you request a waiver of
fees (according to requirements in 28 C.F.R. §16.11(k)).
Indigency does not constitute a basis for a fee waiver.  Please
note that pursuant to 28 C.F.R. §16.11, we are required to charge
fees for time used to search for the documents you have requested
and for duplication of all pages released to you.  Normally,
search time is charged at a rate of $28 per hour after the first

                                              (Page 1 of 2)
                                              Form No. 003 - 9/01


**GOVERNMENT
EXHIBIT**
B
EOUSA


FILE COPY

two hours which are free, and duplication fees are $0.10 per page
after the first 100 pages which are free.  Please do not send any
payment at this time!  If we anticipate that fees will exceed $25
or the amount you state in your letter (if greater than $25), we
will normally notify you of our estimate of fees.  After we have
received your agreement to pay for the expected fees (or you have
narrowed your request to reduce fees) and we have processed your
request, we will require payment for the accumulated charges
before we release any documents to you (in excess of 100 free
pages).  Without such payment, your request file will be closed
without further action.

     Once you have corrected the above deficiencies, please submit
a new request for the documents.  This is a final determination
and your request for information has been closed.  When we have
received your new, corrected request, we will open a new file for
you.

     You may appeal my decision in this matter by writing within
sixty (60) days, to:

               Office of Information and Privacy
               United States Department of Justice
                    Flag Building, Suite 570
                    Washington, D.C.  20530

     Both the envelope and the letter of appeal must be clearly
marked "Freedom of Information Act/Privacy Act Appeal."

     After the appeal has been decided, you may have judicial
review by filing a complaint in the United States District Court
for the judicial district in which you reside or have your
principal place of business; the judicial district in which the
requested records, if any, are located; or in the District of
Columbia.

                    Sincerely,

                    Marie A. O'Rourke
                    Assistant Director

[X]Enclosure(s)

FILE COPY

Manuel A. Geronimo 03-431

"We have no record of receiving any prior request from you"

FILE COPY

# Freedom _ Information/Privacy A. Request

FROM: Manuel A. Geronimo
Number: 22893-038
   F.M.C. Devens, Unit: GB
   P.O. Box 879
   Ayer, Massachusetts 01432

*03-431*
*Cls*

EOUSA/FOIA/PA
03 MAR 11 AM 10: 26

DATE: March 3 2003

TO:   FREEDOM OF INFORMATION/PRIVACY ACT OFFICER

    United States Department of Justice
    Executive Office for United States Attorneys
    600 E Street, N. W., Room 7100
    Washington, DC 20530

    MY DATE OF BIRTH IS: 3/8/75

    MY PLACE OF BIRTH IS: Dominican Republic

    MY SOCIAL SECURITY NUMBER IS: 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

    MY PRESENT ADDRESS IS:    P.O. Box 879
                          Ayer, Massachusetts 01432

    MY PREVIOUS ADDRESS WAS:   N/A

Dear Sir/Ms.

    This letter constitutes my request for disclosure of all information contained within your

files or under the control of your office pursuant to both the Freedom of Information and

Privacy Acts, Title 5 U.S.C. Sections 552 and 552a.

## I REQUEST:

My case agent's entire file pertaining either directly or indirectly
to me. My criminal case entitled, U.S. V. Manuel Geronimo #1:00CR10013-001,
out of the districts of Massachusetts, and everything else on me,
including all lab reports.



GOVERNMENT
EXHIBIT
C
EOUSA

1

Pursuant to the provisions of the **Freedom of Information and Privacy Acts** to permit me access to the records within **twenty (20) working days** after receipt by you of this request, this letter is hereby submitted pursuant to **Title 5 U.S.C. Section 552(a)(6)(A)(I), (B) & (C).** If any material is deemed exempt, I request specific statements regarding the date and data deleted/withheld, a full statement of the reason and the specifics for the same. In addition, a list (**Vaughn Index**) (See <u>Vaughn vs. Rosen,</u> 484 F.2d 820 (D.C.Cir.1973) of all particulars of the documentation denied.

### DEFINITIONS AND INSTRUCTIONS
### FOR
### F.I.O.A./PRIVACY ACT REQUEST
### ANY AND ALL INFORMATION IN YOUR FILES

1. If any objections are made to any request contained herein, for each item or category objected to:

   a) State the specific ground for each objection; and

   b) Identify each document by giving its date, the name of each addressee (and each recipient, if different), and by giving any other information necessary to identify such document or part thereof; and

   c) Provide a description of the subject matter of each document or item.


2. As used herein, **"document"** means any printed, written, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced including, but not limited to: any letter, correspondence, or communication of any sort; film print or negative of photographs; sound recordings, video recordings; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, and any amendment to the foregoing; facsimile, telex, telegram or cable; summary, report or record of telephone conversations, discussions, interview, meeting, conference, investigation, negotiation, act or activity; projection, work, paper, or draft; computer output or input; including e-mail; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of accounts, deposit slips, tax return (income or other) or requisition; file, study, graph, tabulation, and any and all

other writings and recordings if whatever nature, weather signed or unsigned to transcribed; any and all other data compilation from which information can be obtained, translated, if necessary, by the requestor through detection devices into reasonable usable form.

3.  The term **"document"** also means (a) the original and /or any identical original or copy including those with any marginal note or comment, or showing additions, deletions, or substitutions;  (b) drafts;  (c) attachments to or enclosure with any documents; and (d) every document referred to in any other documents.

4.  As used herein **"person"** shall include any natural person, corporation, partnership, unincorporated association, government agency (any type) or any other entity.

5.      The    terms    "your"    or    "you"    as    used    herein    means
__(EOUSA) . (USCS) (DEA) . (INS) .__, its employees, agents, officers, directors,
__(FBI) (USMS) . (ATF) . (D.O.J.)__
subcontractors, attorneys, or any other person performing services or acting on its behalf, whether directly or indirectly.

6.  Any information (communication) as herein defined between yourself and any other agency: whether it is local, state or federal.

7.  As used herein, the connective words **"and/or"** shall imply that each of the items so referenced is included and that they are mutually dependent for purposes of requiring a purpose.

8.  Unless otherwise specified, all documents shall be produced for the period of __12/1/99.__, including any documents having an earlier origin and in use during the specified period.

9.  If there are no documents in existence that are requested in a particular paragraph of this request, your response must include an affidavit to that effect.

## 10. ANY OTHER DOCUMENT WHERE THE UNDERSIGNED IS MENTIONED OR REFFERENCED TO IN ANY WAY.

My personal identification data is noted above with my current address.  I swear or affirm
under penalty of perjury that the information is correct.  See Title 28 U.S.C. Section 1746.


Please acknowledge receipt hereof and forward the materials requested within the statutory
period, as time is of the essence due to liberty interest.



Respectfully submitted this __3__ day of **March** _____ 200̶3̶ _____ .


NAME: Manuel A. Geronimo.

Number: 22893-038

F.M.C. Devens, Unit: GB

P.O. Box 879

Ayer, Massachusetts 01432


March 3 2003

Carmen Alvidrez

CARMEN ALVIDREZ
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 14, 2006

4

U.S. Department of Justice                    Certification of Identity



Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   **Manuel A. Geronimo.**

Current Address   **P.O. Box 879. Ayer, Massachusetts 01432**

Date of Birth   **3/8/75**

Place of Birth   **Dominican Republic**

Social Security Number [2]   **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**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]   _Manuel A. Geronimo_         Date **03-03-03**

Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

                                                            _March 3, 2003_
                                                            _Carmon Alvidrez_

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/01

CARMEN ALVIDREZ
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 14, 2006

FORM DOJ-361
FEB. 98



**U.S. Departmen᠎    ᠎stice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W. Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 03-1038

APR 15 2003

Subject:  Self (1:00CR10013-001)

Requester:  Manuel A. Geronimo

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or we will consider that you have agreed to a due date of nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

COPY

Sincerely,



Marie A. O'Rourke
Assistant Director
FOIA/PA Unit

Form No. 001 - 6/02

GOVERNMENT
EXHIBIT
D
EOUSA

EOUSA/FOIA/PA

03 JUN -4 PM 2:07

Manuel A. Geronimo, # 22893-038
FMC Devens, P.O. Box 879,
Ayer, Massachusetts       01432

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E. Street, N.W., Room 7300
Washington, D.C.    20530
                                    010 11B
RE: Request number 03-1038, follow-up

Dear EOUSA,

        On April 15th, 2003, your FOIA/Privacy Act Unit sent me
a letter confirming that you in fact received my initial FOIA request.
    In fact, according to the law governing all F.O.I.A. requests, your
agency has twenty-working days to either fulfill or deny my F.O.I.A.
request for documents. See: Title 5 U.S.C.A. § 552.
    Moreover, the United States Supreme Court has held that, "the mandate
of the F.O.I.A. calls for broad disclosure of Government records."
See: U.S. Department of Justice vs. Julian, 486 U.S., 1 (1988).
    In furtherance, your agency has failed to request fees pursuant to
Title 28 C.F.R. § 16.11(i), thus, exhausting all administrative
remedies under the law.
    Lastly, each and every request must be liberally construed under the
law. See: LaCedra vs. E.O.U.S.A., 317 F.3d 345 (D.C. Cir 2003).
    To date, your agency has failed to follow the law, I have in fact
exhausted all administrative remedies, and my initial F.O.I.A. request
must be liberally construed. Therefore, I give your agency another (30)
days to either fulfill or deny the above request, or I will have no
alternative but to file a "mandamus" action in the United States
District Court located in Washington, D.C.
    I would greatly appreciate both your help and attention, and look
forward to your reply.

May 28th, 2003        Carmen Alvidrez 5-28-03      Sincerely yours,

GOVERNMENT
EXHIBIT
E
EOUSA

CARMEN ALVIDREZ
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 14, 2006

 

**U.S. Departmei    Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: <u>MANUEL A. GERONIMO</u>    Request Number: <u>03-1038</u>

Subject of Request: <u>SELF (1:00CR10013-001)/DMA</u>

Dear Requester:

    This is in response to your recent letter/telephone call
regarding the status of your pending Freedom of Information
Act/Privacy Act request.

    Due to the large number of requests received by the Executive
Office for United States Attorneys and the limited resources
available to process such requests, this office has been unable to
process your request as of this date.

    In order to process all requests as equitably as possible, this
office has adopted a "first-in-first-out" policy of processing all
incoming requests.   This policy complies with the decision in <u>Open
America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C.
Cir. 1976) and is applied consistently by this office.  Your request
is being handled as equitably as possible and all records which can
be released will be made available at the earliest possible date.

    You may appeal my decision in this matter by writing within
sixty (60) days to:
              Office of Information and Privacy
            United States Department of Justice
                  Flag Building, Suite 570
                  Washington, D.C.  20530
    Both the envelope and the letter of appeal must be clearly
marked "Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review
by filing a complaint in the United States District Court for the
judicial district in which you reside or have your principal place of
business; the judicial district in which the requested records are
located; or in the District of Columbia.

                            Sincerely,

                            *Marie A. O'Rourke*
                            Marie A. O'Rourke
                            Assistant Director
                            FOIA/PA Unit

                                    Form No. 013 - 6/99



GOVERNMENT
EXHIBIT
F
EOUSA

Manuel Geronimo
Reg. No. 22893-038
FMC Devens
P.O. Box 879
Ayer, MA 01432-0879

November 21, 2004

**BY CERTIFIED MAIL**

Exexutive Office for U.S. Attroneys
EOUSA/FOIA/PA UNIT
BICN BLDG., RM. 7300
600 E. Street, N.W.
Washington, DC 20530

Re: <u>FOIA Request; Case No, Crim. No. 00-10013(RGS)</u>

Dear Sirs:

I am requesting any and all documents, pleadings, papers and the entire file available to me in the case of <u>United States v. Manuel Geronimo</u>, Case No.: 0010013 (RGS).

I filed in 2002 and you sent me papers that have been lost by BOP Oficials. I don't have the FOIA case number in this file because that was in the papers that were lost.

Will you kindly send me any copies of papers you have already sent and let me know the status and progress of this FOIA request.

Respectfully submitted,

Manuel Geronimo

c: file

GOVERNMENT
EXHIBIT
G
EOUSA



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: __03-1038_____      Date of Receipt: **February 12, 2003**

Requester: __**Manuel A. Geronimo**_____

Subject: __**Self / DMA**_____          JAN 3 1 2005

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.    [  ]    A search for records located in this office has revealed no records.

2.    [ X ]   A search for records located in the United States Attorney's Office(s) for the District of Maine has revealed no records.

3.    [  ]    The records which you have requested cannot be located.

4.    [  ]    This office is continuing its work on the other subject/districts mentioned in your request.

5.    [ X ]   This is the final action my office will take on this particular request.

You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

GOVERNMENT
EXHIBIT
H
EOUSA

Form No. 005 - 11/02

February 14, 2005

Manuel A. Geronimo
Register # 22893-038
FMC Devens. P.O. Box 879
Ayer, MA. 01432.

U.S. Department of Justice
EOUSA/FOIA/Privacy Act Unit
BICN BLDG. Room 7300
600 E ST, N.W.
Washington, D.C. 20530

RE: FOIA Request No.03-1038, **Follow-up**

Dear Sir or Madam:

I am sending you this letter as a **follow-up** of a correspondence I received from
your office on or about February 2005, that was date stamped January 31,2005.I am a
little confused because I never requested any records located in the United States
Attorneys office for the District of **Maine**. My request that was sent to you between
august 2002 and February 12, 2003 concerned information regarding records located in
the District of Massachusetts under **U.S v. Manuel Geronimo. Criminal No. 00-10013
(RGS) (Boston Division)**. If you could please clarify you January 31, 2005 letter it
would be greatly appreciated.

I do most sincerely thank you in advance for you time and assistance in these
regards, and have enclosed a copy of the letter in question.

Sincerely,

Manuel Geronimo

Cc: MG/me

GOVERNMENT
EXHIBIT
I
EOUSA



**U.S. Department of Justice**

# CORRECTED

*DATE CLOSED: JAN. 31, 2005*

**JUN 28 2005**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: __03-1038__         Date of Receipt: __February 12, 2003__

Requester: __Manuel A. Geronimo__

Subject: __Self/District of Massachusetts__
    U.S. v. Manuel Geronimo #1:00CR10013-00

Dear Requester:

    In response to your Freedom of Information Act and/or Privacy Act
request, the paragraph(s) checked below apply:

1.  [  ]   A search for records located in this office has revealed no
           records.

2.* [ x ]  A search for records located in the United States
    Attorney's Office(s) for the __DISTRICT OF MASSACHUSETTS__ has revealed no
    records responsive to your request for your "case agent's entire file
    pertaining either directly or indirectly to me."

3.  [  ]   The records which you have requested cannot be located.

4.  [  ]   This office is continuing its work on the other
           subject/districts mentioned in your request.

5.  [ x ]  This is the final action my office will take on this particular
           request.

    You may appeal my decision in this matter by writing within
sixty (60) days, to:

                Office of Information and Privacy
                United States Department of Justice
                    Flag Building, Suite 570
                    Washington, D.C.  20530

    Both the envelope and the letter of appeal must be clearly marked
"Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review
by filing a complaint in the United States District Court for the
judicial district in which you reside or have your principal place of
business; the judicial district in which the requested records, if any,
are located; or in the District of Columbia.

                                Sincerely,

                                Marie A. O'Rourke
                                Assistant Director

**\*NOTE:** Please be advised that the USAO/DMA located court-filed public
records of approximately 3500 pages. Approximately 1500 pages are trial
transcripts, 1000 pages appeal transcripts, and 1000 pages of other
appeal materials. These pages are available to you at the cost of ten
cents per page after the first 100 pages, which are free. If you wish
to obtain any or all of these please write to us specifically
requesting which records you are seeking.                    No. 005 - 11/02

GOVERNMENT
EXHIBIT
J
EOUSA



**U.S. Department of Justice**

EOUSA/FOIA/PA

Office of Information and Privacy        *~to*
                                         *info*
                                         10/16/03 RQP

03 SEP 15  PM 12:36

Telephone: (202) 514-3642                Washington, D.C. 20530

SEP 15 2003

Mr. Manuel A. Geronimo
Register No. 22893-038
Federal Medical Center-Devens
Post Office Box 879
Ayer, MA  01432

        Re:    EOUSA No. 03-1038

Dear Mr. Geronimo:

        This responds to your letter of August 14, 2003, in which you sought to appeal from the
failure of the Executive Office for United States Attorneys to respond to your request for access to
records concerning you.

        I have notified the EOUSA of your communication.  It is my understanding that your
request is still being processed by the EOUSA.  Although the Freedom of Information Act
authorizes you to treat the failure of the EOUSA to act on your request within the specified time
limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record
reviews that are necessary to make initial determinations on requests for records, cannot act until
there has been an initial determination by the EOUSA.  Our function is limited to the review of
those records to which access is, in fact, denied.  You may appeal again to this Office when the
EOUSA completes its action on your request, if any of the material is denied.  We will then open a
new appeal and review the EOUSA's substantive action on your request.

        In the event that the EOUSA still has not responded to your request at the time you receive
this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an
appropriate federal court.  I hope that, in making a decision, you will give sympathetic consideration
to the fact that the Department of Justice has many requests pending at this time and is making
every possible, reasonable effort to process them.

                                        Sincerely,

                                        Richard L. Huff
                                        Co-Director

RLH:PAJ:TIT

GOVERNMENT
EXHIBIT
K
EOUSA

03-3212

Manuel A. Geronimo, # 22893-038
FMC Devens, P.O. Box 879,
Ayer, Massachusetts        01432

OFFICE OF INFORMATION
AND PRIVACY

AUG 2 0 2003

RECEIVED

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.        20530

RE: Formal appeal of FOIA denial # 03-1038

Dear EOUSA/Appeal,

        I am formally appealing the EOUSA's denial of
my initial FOIA request. In fact, it is important that your agency
keep in mind the Supreme Court's thoughts on all FOIA requests. It
was held that, " Freedom of Information Act represents general
philosophy of full agency disclosure unless information is exempted
under clearly delineated statutory language."
See: U.S. Dept. of Defense vs. FLRA, U.S. 127 L.Ed.2d 325 (1994).
    According to Title 5 U.S.C.§ 552, your agency had a twenty-day
time period in which to either deny or grant the requester's initial
FOIA request. To date, it is well over twenty-days and still your
agency has stalled. I can only hope that this appeal is denied as
soon as possible in order for me to seek judicial review in the
United States District Court. I look forward to your reply in the
near future.

August 14th, 2003                    Sincerely yours,

                                     Carmen Alvidrez  August 14, 2003

cc: Original
    ACLU, Boston, Massachusetts

        CARMEN ALVIDREZ
          Notary Public
Commonwealth of Massachusetts
    My Commission Expires
        April 14, 2006



JUN 25 2003

U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: <u>MANUEL A. GERONIMO</u>   Request Number: <u>03-1038</u>

Subject of Request: <u>SELF (1:00CR10013-001)/DMA</u>

COPY

Dear Requester:

This is in response to your recent letter/telephone call regarding the status of your pending Freedom of Information Act/Privacy Act request.

Due to the large number of requests received by the Executive Office for United States Attorneys and the limited resources available to process such requests, this office has been unable to process your request as of this date.

In order to process all requests as equitably as possible, this office has adopted a "first-in-first-out" policy of processing all incoming requests.   This policy complies with the decision in <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976) and is applied consistently by this office.   Your request is being handled as equitably as possible and all records which can be released will be made available at the earliest possible date.

You may appeal my decision in this matter by writing within sixty (60) days to:
               Office of Information and Privacy
               United States Department of Justice
                    Flag Building, Suite 570
                    Washington, D.C.  20530
     Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

                         Sincerely,

                         *Marie A. O'Rourke*

                         Marie A. O'Rourke
                         Assistant Director
                         FOIA/PA Unit

                                        Form No. 013 - 6/99

Sep-26-05    14:18    From-EOUSA FOIA

202 616 6478    T-213    P.003/006    F-324

U.S. Department of Justice



FILE COPY
SEP 26 2005

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: Manuel Geronimo            Request Number: 03-1038

Subject of Request: Self - U.S. Atty/Dist. Mass.

Dear Mr. Geronimo:

      The Executive Office for United States Attorneys, the official record-keeper for all records maintained in this office and the various United States Attorneys' offices, has recently processed belatedly located records responsive to your request for records under the Freedom of Information Act/Privacy Act. This letter constitutes a supplemental determination regarding the records constituting your criminal case file.

      To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

      The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [x] partial [ ] full denial.

      Enclosed please find:

   _12_  page(s) are being released in full (RIF);
   _12_  page(s) are being released in part (RIP);
   _414_ page(s) are withheld in full (WIF). **The withheld documents were reviewed to determine if any information could be segregated for release. [NOTE: a 26-page PSR is subject to the policies and regulations of the U.S. Bureau of Prisons. If you desire access to that document, please make a direct request to that component.]**

      In addition, this office is withholding  _66_  page(s) of grand jury material which is retained in the District.

      The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.



(Page 1 of 2)

<u>Section 552</u>                                      <u>Section 552a</u>

[ ]  (b)(1)      [ ]  (b)(4)      [ ]  (b)(7)(B)      [x]  (j)(2)
[ ]  (b)(2)      [x]  (b)(5)      [x]  (b)(7)(C)      [ ]  (k)(2)
[x]  (b)(3)      [ ]  (b)(6)      [ ]  (b)(7)(D)      [ ]  (k)(5)
<u>Fed.RuleCr.Pr6(e)</u>[ ]  (b)(7)(A)    [ ]  (b)(7)(E)    [ ]  _____
(Grand jury)                      [ ]  (b)(7)(F)

Form No. 021 - 5/01

[x]  A review of the material revealed documents which:

    [x] Pages originating with other government components are as follows: U.S. Customs (669 pages); Drug Enforcement Administration (DEA)(140 pages).  These records were referred to these entities for review, determination, and direct response to you.

    [x] There are public records which may be obtained from the clerk of the court or this office, upon specific request, subject to a copying fee of $.10 per page.

    [ ]  See additional information attached.

    This is the final action this office will take concerning your request. Although your case is in presently pending judicial review in the United States District Court for the District of Columbia, you may still exercise your right to appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

    Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

M. Johnson   10/9/05

1. Article Addressed to:

MANUEL GERONIMO
#22893-083
FMC, P.O. Box 879
AYER, MA 01432

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7001 2510 0007 8202 4205

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

RECEIVED

2005 OCT 14  PH 2: 41

EOUSA
DEPT. U.S. JUSTICE STAFF

OCT 13 2005

DEPARTMENT OF JUSTICE

- Sender: Please print your name, address, and ZIP+4 in this box •

U.S. DEPARTMENT OF JUSTICE
EOUSA/FOIA/PA UNIT
BICN BLDG., RM. 7300
600 E ST., N. W.
WASHINGTON, DC 20530

GOVERNMENT
EXHIBIT
M
EOUSA