UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANUEL A. GERONIMO
    Plaintiff,

Vs.                            Civil Action No. 05-01057 (JDB)

EXECUTIVE OFFICE For UNITED
STATES ATTORNEYS,
    Defendant,

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REQUEST TO DISCLOSE FILES WITHHELD

Now comes Manuel A. Geronimo, the Plaintiff herein respectfully submitting his Motion in response and objection to the Defendant's Motion for summary judgment and request to disclose files withheld. As reasons therefore Plaintiff submits that Defendant's withheld of documents is in bad faith as the support for this withheld documents is contrary to case law. On or about November 18, 2005 Plaintiff received the Defendant's Motion for summary judgment dated November 15, 2005. On or November 25, 2005 Plaintiff received the court's letter ordering Plaintiff to file opposition brief to the Defendant's motion for summary judgment within 30 days of receive of Defendant's motion see Plaintiff exhibit "A". On December 12, 2005 Plaintiff requested an enlargement of time in which to file an opposition to the government motion see Plaintiff exhibit "B". The court granted Plaintiff's motion for enlargement of time and ordered Plaintiff to file by 1/27/06 see Plaintiff exhibit "C". In support of this response and objections plaintiff hereby avers as follows:

RECEIVED
FEB 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Challenging withholding of 414 pages being withheld from FOIA request, as it is in the public as well as the Plaintiff interest that these documents be made available for review.

Challenging 669 pages of U.S. Customs documents being withheld, which may include rough notes and reports of government witnesses Octavio Garcia Viviato, a.k.a "Machito" and or Desenia Gonzales interviews and statements concerning crimes committed under Drug Abuse Prevention and Control Act. Crimes of witnesses that are in the public interest and right to know about nature and extent and type of drugs being imported in to the United States. Specially concerning plaintiff's offense.

Challenging 140 pages of DEA documents being withheld, which may include rough notes and reports of government witnesses interviews and statements concerning Illegal Drug Intervention, discovery, investigation and prosecution that is in the public as well as the Plaintiff interest to know under the Drug Abuse Prevention and Control Act for justification of moneys allotted and spent concerning plaintiff's offense.

Challenging any and all withheld documents, as the citizens have a genuine and significant interest and right to know what their government is up to. See Davis v. Dept of Justice, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting Reporters Comm., 489 U.S. at 773) (internal quotation marks omitted).

The PSR will not be released by the FBOP and it is the duty of the government to provide a copy of his PSR under the FOIA. See U.S. Dept of Justice v. Julian, 486 U.S. 1, 100 L.Ed 2d 1, 108 S.Ct. 1606 (1988). PSI reports are usually available to a criminal defendant under the FOIA. See Crooker v. U.S. Parole Commission, 760 f 2d 1 (D.C. cir. 1985).

Grand Jury material should be disclosed after trial in the public as well as the Plaintiff interest and right to know.

Plaintiff argues that during the prosecution of his criminal trial in the U.S. District court for the District of Massachusetts, cooperating witnesses Octavio Garcia Viviato a.k.a "Machito" and Desenia Gonzales both testified that they got together many, many times with the prosecutors and federal agents in order to assist them in the prosecution of Plaintiff. Plaintiff is requesting for those documents to be release because the public as well as the plaintiff have an interest and the right to know what is our government up to.

Moreover, this rough notes between cooperating witnesses Octavio Garcia Viviato a.k.a. "Machito", Desenia Gonzales and the prosecutors as well as the federal agents form the cornerstone of plaintiff request under his FOIA request. Having in mind that Plaintiff's request clearly stated that he was requesting "My case agent's entire file pertaining directly or indirectly to me" See <u>Lacedra v. Executive Office for U.S. Attorneys</u>, 317 F.3d 345 (D.C. Cir.2003). The Government should interpret the request liberally in favor of disclosure <u>National Magazine v. United States Customs Service</u>, 71 F.3d 885 (D.C. Cir. 1995) The Government contents (Defendant's Motion for Summary Judgment page 19) that third party information as well as names of suspects under investigation should not be released. But this issue has been waived by the government disclosure of third party information, names and phone numbers as well as federal agents traveling overseas gathering information on individuals under criminal investigation, see Plaintiff Exhibit **"D"**. "Once the government has voluntarily surrendered documents it can no longer claim that they are exempt from disclosure". See <u>State of North Dakota ExRel-Olson V. Andrus</u>, 581 F2d 177(8th Cir. 1978).

Furthermore, exemption 6 of Freedom of Information Act held to authorize deletion of names and other identifying information from reports. See <u>Department of State v. Ray</u>, 502 US _, 116 Led 2d 526, 112 SCt_(1991). The Grand Jury documents as well as any and all documents

3

encompassed in Plaintiff's FOIA request should be disclosed because i.e. "disclosure, not secrecy, is the dominant objective of the Act". See <u>Dept. of Air Force v. Rose</u>, 425 US 352, 48 Led 11, 96 SCt 1592 (1976).

Plaintiff argues that a careful review of each document should be undertaken to determine nature of source and whether a promise of confidentiality was made which would bring it under protections of the Privacy Act. See <u>Londrigan v. F.B.I</u>, 670 F2d 1164 (D.C. Cir. 1981). The U.S. Supreme Court case law requires the release of segregable portions of a file, which was partially exempt. See <u>E.P.A. V. Mink</u>, 410 US 73, 35 Led 2d 119, 93 SCt 827 (1973). Also the Supreme Court has favorably broadened their interpretation of what constitutes "agency records" under the Act. See <u>US Dept. of Justice v. Tax Analysts</u>, 492 US 136, 106 Led 2d 112, 109 SCt 2841 (1989).

Plaintiff argues that in the documents released by the government there is not documents related to cooperating witnesses Octavio Garcia Viviato a.k.a. "Machito", Desenia Gonzales and Javier Placencio vera's rough notes of their many interviews with prosecutors and Federal Agents, which should have been disclosed because the public posses the right to access information in government files. As the US Supreme Court held in <u>US Dept. of Justice v. Landano</u>, 508 US _, 124 Led 2d 84, 113 SCt _ (1993) "the government is held not entitled to presumption that all sources supplying information are exempt".

Furthermore, Courts Construes statutory exemption provided in the Freedom of Information Act narrowly with doubts resolved in favor of disclosure. See <u>Massey v. FBI</u>, 3 F3d 620 (2nd Cir. 1993). Also <u>Norwood v. FAA</u>, 933 F2d 570 (6th Cir.1993). The Supreme Court has made clear that "whether disclosure of private documents under Exemption 7(c) is warranted must turn on the nature of the requested documents and its relationship to 'the basic scrutiny' see

Dept of Air Force v. Rose, 425 U.S. at 372, rather than on the particular purpose for which the document is being requested." Plaintiff argues that the information requested under his "FOIA" request directly reveal the operations and or activities of the government and thus falls inside the ambit of the public interest that the "FOIA" was enacted to serve.

The last sentence of the exemption section of the FOIA, section 552(b), provides: "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions, which are exempt under this subsection."

The 1974 amendments to FOIA added the present "reasonably segregable" language specifically "to remedy the situation in which an agency seeks to withhold an entire record because a portion of it contains exempt information." Yeager v. Drug Enforcement Administration, 678 F.2d 315, 323 & n.18 (D.C. Cir. 1982) See Arieff v. Department of the Navy, 712 F.2d 1462, 1466 (D.C. Cir. 1983) ("...the exemptions to the FOIA do not apply wholesale. An item of exempt information does not insulate from disclosure the entire file in which it is contained, or even the entire page on which it appears.").

The 1974 Senate report further stated:

[The segregability requirement] emphasizes what is presently understood by most courts but has gone unheeded by agencies; it would not be enough for the government to refuse disclosure of the record merely because, it or the file it was in, contained such exempt information, since deletion of information would provide full protection for the purpose to be served by the exemption. Thus, the government could not refuse to disclose the requested records merely because it finds in these records some portions, which may be exempt. S. Rep. No. 854, 93d Cong., 2d Sess. 32 (1974).

Discovery is needed because without discovery, a party to litigation may not have access to facts necessary to oppose a motion for summary Judgment. This problem is especially acute for Plaintiffs in FOIA cases. Indeed, recognition of this dilemma has shaped a number of this circuit decisions. In Vaughn v. Rosen, 157 U.S. app. D.C. 340, 484 F.2d 820 (1973), Cert. Denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), summary judgment was granted to the government on basis of an affidavit declaring that the documents sought were exempt from disclosure. This Circuit reversed, recognizing that FOIA Plaintiff "obviously cannot know the precise contents of the documents sought; secret information is, by definition, unknown to the party seeking disclosure [,]" 157 U.S.A. App. D.C. at 343, 484 F.2d at 823: that "[T]his lack of knowledge seriously distorts the traditional adversary nature of our legal System's form of dispute resolution[,]" Id.957 U.S. App. D.C. at 344, 484 F.2d at 824. See Goland v. Central Intelligence Agency, 607 F.2d 339 (1978).

Government's Vaughn index for documents purportedly exempt from disclosure under freedom of information Act (FOIA) was inadequate when government asserted only that entire documents were exempt from disclosure, without specifying which portions of documents were disclosable and which were allegedly exempt. See Kimberlin v. Department of Justice, 139 F3d 944 (D.C. Cir. 1998). Focus in Freedom of Information Act (FOIA) is information, not documents, and agency cannot justify withholding entire documents simply by showing that it contains some exempt material. Kimberlin at 946. Furthermore the purpose of a Vaughn index is to permit adequate adversary testing of the agency's claimed right to an exemption, and those who contest denial of FOIA request-who are, necessarily, at a disadvantage because they have not seen the withheld documents-can generally prevail only by showing that the agency's

Vaughn index does not justify withholding information under the exemptions invoked. Kimberlin at 945. See also Schiller v. NLRB, 964 F.2d 1205, 1209 (D.C. Cir. 1992) (Citations omitted).

Moreover, in the Vaughn index submitted in this case, the government asserts only that entire documents are exempt from disclosure. As the government should know by now, "[t]he focus in the FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material." Mead Data Central, 566 F.2d at 260. In the most agregious instance the government claims that exemption 7(c) applies to 20-page document consisting of an AUSA handwritten note (various dates), 60-page document consisting of third party individual criminal documents, 66-page grand Jury Transcripts. The government is also withholding under exemption (b)(5) 332-page document consisting of USA Legal Research, 1-page document consisting of Memorandum from USA directed student intern to AUSA (9/1/00), 20-page document consisting of AUSA Handwritten note (various dates) 1-page USAO Appeal document consisting of Appeal documentation sheets withheld under exemptions (b)(5) and (b)(2). 669-page document withheld by U.S. Customs, 140-page document withheld by DEA. As this circuit has pointed out before, "Vaughn itself requires agencies to 'specify in detail which portions of the documents are disclosable and which are allegedly exempt.' 484 F.2d at 827. A submission that does not do that does not even Qualify as a 'Vaughn index." Schiller, 964 F.2d at 1210. See Kimberlin at 950. "It is error for a district court to simply approve the withholding of an entire document without entering a finding on segregability, or the lack thereof." Schiller, 964 F.2d at 1210 (Quoting Church of Scientology v. Department of the Army, 611 F.2d 738,744 (9th Cir.1977)).

Vaughn index and or discovery. Exemption (b)(2) relates solely to the internal personnel rules and practices of an agency, however the agency carries the burden of justifying nondisclosure, U.S. Department of Justice v. Reporters committee for Freedom of the Press, 489 U.S. 749, 755, 109 S.Ct.1468, 103 L.Ed. 2d 774(1989) The District court has the obligation to sua sponte consider issue of whether any portions of records requested under FOIA could be reasonable segregated, such that court be required to provide records after redaction, where Plaintiff seeking records fails to raise segregability issue. See Trans-Pacific Policing Agreement v. United States Customs Service, 177 F3d 1022, 1028 (D.C Cir. 1999).

The affidavits submitted by the government do not meet the requirements and they were submitted in bad faith. As such the Affidavits must be clear, specific and adequately detailed; they must describe the withheld information and the reason for nondisclosure in a factual and non-conclusory manner; and they must be submitted in good faith. See Hayden v. NSA, 608 F.2d 1381, 1387 (D.C. Cir 1979). Furthermore, the Index submitted by the government does not reflect the 5 U.S.C § 552a(j)(2) exemption mentioned in the Vaughn index.

Moreover, having in mind that "the public is entitled to know what its government is doing and why" See costal States Gas Corp v. Department of Energy, 617 F.2d 854, 868 (D.C. Cir. 1980), Ferrati v. Bureau of Alcohol, Tabacco and Fir, 177 F. Supp. 2d 41 (D.D.C 2001) at 44. To withhold the entirety of a document, the agency must demonstrate that it cannot segregate the exempt material from the non-exempt and disclose as much as possible. See Blanton v. U.S. Department of Justice, 182 F. Supp 2d 81 (D.D.C 2002) Kimberlin v. Department of Justice, 139 F.3d at 949-50. Courts are to tilt the balance of disclosure interest against privacy interest in favor of disclosure. See Billinton v. U.S. Dept of Justice 245 F. Supp. 2d 79 (D.D.C. 2003), Washington Co. v. U.S. Department of Health, & Human Services, 690 F.2d 252, 261

9

(1982)(Punctuation and internal citations omitted). Court must take into account that the weight of the public's interest in disclosure depends of the degree to which disclosure would shed light on an agency' performance of its statutory duties and its compliance with the law. <u>Billington v. U.S. Department of Justice</u>, 245 F. Supp. 2d 79(D.D.C. 2003), <u>Judicial Watch</u>, 102 F. Supp. 2d at 17 (citing Reed v. NLRB, 927 F.2d 1249,1252 (D.C. Cir. 1991)

When an agency asserts exemption under freedom of information Act (FOIA) allowing withholding of information compiled for law enforcement purposes on grounds that disclosure could reasonably be expected to be unwarranted invasion of personal privacy (see Plaintiff's exhibit "D"), district court must identify the privacy interest at stake and balance them against the public interest in disclosure (b)(7)(c), <u>Billington at 81</u>. The government is not entitled to a presumption that any source from which it obtains information is a confidential source; instead, courts must make this determination on a case-by-case basis.

In <u>Billington v. U.S. Dept. of Justice</u>, 245 F. Supp.2d 79 (D.D.C.2003) this court ruled that the government failed to show that individual who was interviewed in 1976 at FBI Headquarters regarding activities of National caucus of Labor committees (NCLC) received promise of confidentiality, and thus that individual's and identifying information could be redacted from six-page memorandum describing interview pursuant to exemption under FOIA allowing government to withholding information compiled for law enforcement purpose if disclosure could reasonably be expected to disclose confidential source's identity, no withstanding evidence that individual was assigned informant file number to which information he reported was filed, <u>at 82</u>. Thus, <u>Billington</u> applies to the case at bar do to the fact that the government failed to prove that a promised of confidentiality was made which will bring these documents under the protection of the privacy act.

Therefore, the district court must "balance the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny." U.S. Department of State v. Ray, 502 U.S. 164, 175, 112 S.Ct. 541, 116 L.Ed 526 (1991)(citing Department of the Air Force v. Rose, 425 U.S. 352, 372, 96 S.Ct. 1592, 48 L.Ed. 2d 11 (1976)) (internal punctuation omitted). Rather, the minimal invasion of privacy is outweighed by "the extent to which disclosure would serve the core purpose of The FOIA, which is contributing significantly to public understanding of the operations or activities of the government." Bartholdi Cable Co. v. FCC, 114 F.3d 274, 282 (D.C. Cir. 1997) (citing U.S. Department of Defense v. FLRA, 510 U.S. 487, 495, 114 S.Ct.1006, 127 L.Ed. 2d 325 (1994) Billington at 88.

Moreover, "it has long been a rule in this circuit that nonexempt portions of a document be disclosed unless they are inextricably intertwined with exempt portions." See Trans Pacific Agreement v. U.S. Customs Serv., 177 F. 3d 1027 (D.C. Cir. 1999). When an agency asserts this exemption, the district court must identify the privacy interest at stake, and balance them against the public interest in disclosure. Computer Professionals for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996).

Exemption 3 provides that documents need not be released if they are "specifically exempted from disclosure by statute..." 5 U.S.C. § 552 (b)(3). See Landmark Legal Foundation v. I.R.S, 267 F.3d 1132 (D.C. Cir. 2001). However the government had failed to state in its motion for summary judgment, affidavits as well as in its Vaughn Index to explained in detail under which statutes those documents it has withheld fall under. FOIA requires federal agencies to disclose, upon request, broad classes of agency records unless the records are covered by statute's exemption. See Students Against Genocide v. Department of State, 257 F.3d 828 (D.C. Cir. 2001)

The purpose of the FOIA is to pierce the veil of administrative secrecy and open agency action to the light of public scrutiny. See National Ass'n of Home Builders v. Norton, 309 F. 3d 26 (D.C. Cir. 2002) Although Congress enumerated nine exemptions from the disclosure requirement of the FOIA, these limited exemption do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act, National Ass'n of Home Builders, at 27. Freedom of Information Act (FOIA) mandates a strong presumption in favor of disclosure of agency information, and the statutory exemptions, which are exclusive, are to be narrowly construed, Ass'n of Home Builders, at 27. Only explicit nondisclosure statutes that evidence a congressional determination that certain materials ought to be kept in confidence will be sufficient to qualify under freedom of information specifically exempted from disclosure by another statute. 5 U.S.C. § 552 (b)(3) National Ass'n of Home Builders v. Norton at 28.

For purposes of qualifying as a withholding statute under FOIA exemption for information specifically exempted from disclosure by another statute, a statute must on its face exempt matters from disclosure; court must find a congressional purpose for exempt matter from disclosure in the actual words of the statute, or at least in the legislative history of FOIA, not in the legislative history of the claimed withholding statute, nor in an agency's interpretation of the statute, and legislative history will not avail if the language of the statute itself does not explicitly deal with public disclosure. See National Ass'n of Home Builders v. Norton, 309 F. 3d 26 (D.C. Cir. 2002)

To establish that the release of information contained in government files would result in a clearly unwarranted invasion of privacy, the court first asks whether disclosure "would compromise a substantial, as opposed to the minimis, privacy interest." Horner, 879 F.2d at 874. If a significant privacy interest is at stake, the court then must weigh that interest in the release of

the records in order to determine whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy." Id. (citations omitted). The public interest to be weigh against the privacy interest in this balancing test is "the extent to which disclosure would serve the 'core purposes of the FOIA'" by "contribut[ing] significantly to public understanding of the operations or activities of the government." United States Dep't of DEE, v. FLRA, 510 U.S. 487,495, 114 S.Ct. 1006, 1012, 127 L.Ed. 2d 325 (1994) (quoting reporters comm.., 489 U.S. at 775 109 S.Ct at 1482-83). Thus, consistent with congressional intent that exemptions to disclosure be narrowly construed, the court has identified nondisclosure statutes as those that are "the product of congressional appreciation of the dangers inherent in airing particular data" and that "incorporate [] a formula whereby the administrator may determine precisely whether the disclosure in any instance would pose the hazard that congress foresaw." AM Jewish Cong v. Kreps, 574 F 2d 624, 628-29 (D.C. Cir. 1978). Thus "only explicit nondisclosure statutes that evidence a congressional determination that certain materials ought to be kept in confidence will be sufficient to qualify under the exemption." See National Ass'n of Home Builders v. Norton, 309 F. 3d 26 (D.C. Cir. 2002); Irons and Sears v. Dann, 606 F.2d 1215,1220 (D.C. Cir. 1979).

Furthermore, even the Executive Department is issuing an Executive order to ease the release of documents pursuant to FOIA. See Plaintiff **exhibit "E"**, which consists of a USA TODAY newspaper article title "Order to ease public access to government information." dated Thursday December 15,2005. See Jefferson v. Department of Justice, 284 F.3d at 180 (D.C. Cir. 2002). For the proposition of news clipping been used as exhibit.

## CONCLUSION

There is no legal basis for the Defendant to withhold the documents under FOIA as the public interest and right to know what their government is up to is compelling. See Davis v. Dept

of Justice, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting Reporters Comm., 489 U.S. at 773) (internal quotation marks omitted). We must be reminded of the fact that by enacting Freedom of Information Act (FOIA), Congress evidenced general philosophy of full agency disclosure unless information exempted under clearly delineated statutory language; disclosure, not secrecy, is dominant objective of FOIA, and any exemptions to that disclosure requirement must be narrowly construed. See Detroit Free Press, Inc. V. Dept of Justice, 73 F3d 93 (6th Cir. 1996). For this reasons Plaintiff most respectfully ask this honorable court that summary judgment should be denied to Defendant and order the release of all documents withheld and to require the government to conduct a more proper, adequate and reasonable research to further uncover more responsive material related to plaintiff's request.

Dated: 1-26-06

Respectfully submitted,

Manuel A. Geronimo

## CERTIFICATE OF SERVICE

I, Manuel A. Geronimo, do hereby affirm and attest that a true copy of the forgoing was mailed on this 26th day of January, 2006 by first class mail to Assistant United States Attorney Rhonda C. Fields at the United States Attorney's Office for the District of Columbia Judiciary Center 555 Fourth Street, N.W. Washington, D.C. 20001. Pursuant to Houston v. Lack, 487 U.S. 266, 274-275 (1988). Sworn and signed pursuant to 28 U.S.C Section 1746.

Manuel A. Geronimo
Reg. No. 22893-038
FMC Devens P.O. Box 879
Ayer, MA 01432