UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL A. GERONIMO,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES DEPARTMENT OF<br>　　　　JUSTICE,<br>　　　　　　Defendant. | )<br>)<br>)<br>)  Civ. No. 05-1057 (JDB)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT
CONCERNING DEA DOCUMENTS**

　　Defendant, through its undersigned attorneys, respectfully moves this Court for summary judgment on behalf of the Executive Office of United States Attorneys ("EOUSA"on the grounds that there are no material facts in dispute and the EOUSA is entitled to judgment in its favor as a matter of law.  Fed. R. Civ. P. 56.  In support of this motion are Defendant's Memorandum of Points and Authorities, Statement of Facts Not In Dispute and the attached declaration of William Little, Drug Enforcement Administration (DEA) Attorney.

　　Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments.  *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is

>made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Therefore, because the agency identified here has complied with all FOIA requirements, the complaint with regard to this agency should be dismissed.

                                      Respectfully submitted,

                                      _____
                                      KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                      United States Attorney

                                      _____
                                      RUDOLPH C. CONTRERAS, D.C. Bar No.  434122
                                      Assistant United States Attorney

                                      _____
                                      RHONDA C. FIELDS
                                      Assistant United States Attorney
                                      Civil Division
                                      555 Fourth Street, N.W.
                                      Washington, D.C.  20530
                                      202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL A. GERONIMO,<br>               Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF<br>        JUSTICE,<br>               Defendant. | Civ. No. 05-1057 (JDB) |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Defendant submits this statement of material facts as to which there is no genuine dispute in accordance with Local Rule 7.1(h).

1. By letter dated September 26, 2002 the Executive Office for the United States Attorneys (EOUSA) forwarded 138 pages of documents to DEA for processing and direct response to the plaintiff. Little Dec. at ¶6.

2. By letter dated January 24, 2006, DEA released portions of 46 pages and two pages in their entirety to plaintiff. *Id.* at ¶¶ 7-8.

3. The other pages were duplicate copies of the pages released. *Id*. at ¶¶8-9.

                                  Respectfully submitted,

                                  _____
                                  KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                  United States Attorney

                                  _____
                                  RUDOLPH C. CONTRERAS, D.C. Bar No.  434122
                                  Assistant United States Attorney

                                  _____
                                  RHONDA C. FIELDS
                                  Assistant United States Attorney
                                  Civil Division
                                  555 Fourth Street, N.W.
                                  Washington, D.C.  20530
                                  202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL A. GERONIMO, )<br>                Plaintiff,  )<br>                           )<br>    v.                         )    Civ. No. 05-1057 (JDB)<br>                           )<br>UNITED STATES DEPARTMENT OF )<br>       JUSTICE,            )<br>                Defendant.  )<br>_____) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL
MOTION FOR SUMMARY JUDGMENT CONCERNING DEA DOCUMENTS**

**INTRODUCTION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This memorandum pertains to the processing of a portion of plaintiff's FOIA request by the Drug Enforcement Administration.

**Factual and Procedural Background**

The factual and procedural background of the matter is set forth in full in defendant's motion for summary judgement filed on November 15, 2005.

In sum, the Executive Office for United States Attorneys (EOUSA) received a FOIA request from plaintiff seeking

> My case agent's entire file pertaining either directly or indirectly to me. My criminal case entitled U.S. v. Manuel Geronimo #1:00Cr10013-001 out of the districts of Massachusetts, and everything else on me including all lab reports.

Boseker Dec. at ¶ 6 and Ex A.

Searches were conducted in the United States Attorney's Office for the District of Massachusetts. *See* Barrett Dec.

By letter dated September 26, 2005, EOUSA notified Mr. Geronimo that it had processed the materials located in response to his request. Enclosed with this letter were 12 pages released in their entirety and 12 pages containing redactions. In addition, Mr. Geronimo was advised that 414 pages were being withheld in their entirety (as well as 66 pages of grand jury material), which had been reviewed for segregability, and that access to his PSR could be obtained through contacting the U.S. Bureau of Prisons directly  In addition, EOUSA notified Mr. Geronimo that it had referred 669 pages of material to U.S. Customs and140 pages to DEA, as these records had originated with those government components. These components were to review, make a determination regarding exemptions, and provide Mr. Geronimo with a direct response. Again, Mr. Geronimo was advised that public records were available upon request, subject to a copying fee. Boseker Dec. at ¶20 and Exhibit L.

Since other agency documents were identified and forwarded to those agencies, the Court has allowed defendant to bifurcate its response by submitting EOUSA's response separately from those of Customs and DEA. The DEA has processed the documents referred to it and submitted its response to plaintiff. Customs has advised that it has not yet completed processing the documents submitted to it.

Therefore, this memorandum addresses the FOIA exemptions applied by DEA.

## II.   STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and . . .the moving party is entitled to judgment as a matter of law." *Washington Post Co. v. U.S. Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the

2

Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show, if applicable, that the documents are exempt from disclosure. *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'" *Public Citizen, Inc. v. Dept. of State*, 100 F.Supp.2d 10, 16 (D.D.C. 2000)(reversed in part on different issue by 276 F.3d 634 (D.C.Cir.2000) (quoting *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under FOIA. *Miller v. U.S. Dept. of State*, 779 F.2d 1378, 1382 (8th Cir. 1985.) The declarations in this matter were provided by individuals familiar with the steps taken by defendant in responding to Plaintiff's FOIA request. Since they demonstrate that the defendant met its obligations under the FOIA, and the pleadings and other filings show no genuine issue as to any material fact and EOUSA is entitled to judgment as a matter of law, summary judgment should be granted to EOUSA.

### III.  ARGUMENT

**DEA Properly Applied FOIA Exemptions.**

    **Exemptions 6 and (b)(7)**

Exemption 6 permits the government to withhold all information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute an unwarranted invasion of personal privacy."  See 5 U.S.C. § 552(b)(6).

The threshold issue in withholding information pursuant to Exemption 6 is that the withheld material fall within the categories of "personnel," "medical," or "similar" files.  Once this threshold has been met, the agency must demonstrate that the information involved is identifiable to a specific individual.  *See Arieff v. United States Department of the Navy*, 712 F.2d 1462, 1467-68 (D.C. Cir. 1983).

"The next step under Exemption 6 involves identifying the relevant privacy interests in non-disclosure and the public interests in disclosure, and determining 'whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy.'" *Reed v. National Labor Relations Board, et al.*, 927 F.2d 1249, 1251 (D.C. Cir. 1991) *(quoting National Ass'n of Retired Federal Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) cert. denied, 494 U.S. 1078 (1990)).  "'The phrase 'clearly unwarranted invasion of personal privacy' enunciates a policy that will involve a balancing of interests between the protection of an individual's private affairs from unnecessary public scrutiny, and the preservation of the public's right to governmental information.'" *Department of the Air Force v. Rose*, 425 U.S. 352, 372 (1976).

Exemption 7 of the FOIA protects from disclosure "records or information compiled for law enforcement purposes" under certain circumstances.  5 U.S.C. § 552(b)(7).  "[T]he term 'law

enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope." *Mittleman v. Office of Personnel Management*, 76 F.3d 1240, 1243 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 1123 (1997) (*citing Pratt v. Webster*, 673 F.2d 408, 420 n.32 (D.C. Cir. 1982)). When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." *Keys v. U.S. Dept. of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987) (*citing Pratt v. Webster*, 673 F.2d 408, 418 (D.C. Cir. 1982)). A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'" *Keys,* 830 F.2d at 340 (quoting *Pratt*, 673 F.2d at 421).

The records at issue are laboratory and criminal investigative records compiled during criminal law enforcement investigations. Little Dec. at ¶¶8, 14. They are directly related to DEA's law enforcement purpose of enforcing the drug abuse act. *Id*. at ¶11.

Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. *See, e.g., Reporters Comm*., 489 U.S. at 776-780.

The Supreme Court has made clear that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' *Dep't of Air Force v. Rose*, 425 U.S. at 372, rather than on the particular purpose for which the document is being requested." *Reporter's Comm*., 489 U.S. at 772 (internal

5

quotation marks omitted). Information that does not directly reveal the operations or activities of the government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Id.* at 775. The plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests." *Perrone v. FBI*, 908 F.Supp. 24, 27 (D.D.C. 1995) *(citing Senate of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 588 (D.C. Cir. 1987)). Significantly, it is the "interest of the general public, and not that of the private litigant" that matters. *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. Dep't of Justice,* 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773) (internal quotation marks omitted).

    The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C.Cir. 1991). Our Court of Appeals has held "categorically" that "unless access to names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." *SafeCard Services*, 926 F.2d at 1206.

    Here, the DEA laboratory reports and investigative records clearly were compiled for law enforcement purposes.

    In addition, the agency reasonably relied on Exemptions (b)(6) and (b)(7)(c) to justify withholding the names and initials of government employees, the DEA chemist, laboratory director and U.S. Customs Special Agents. *See* Little Dec. at ¶¶ 15-20. Release of the names of

federal employees, chemists, special agents and supervisors who participated in the investigation and prosecution of this case could reasonably be expected to constitute an unwarranted invasion of personal privacy. The names of law enforcement officers who work on criminal investigations have traditionally been protected against release by Exemption 7(C). *Davis,* 968 F.2d at 1281; *Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 487-488 (D.C. Cir. 1980). If the information were released, law enforcement personnel could be subjected to harassment or other harm. These persons have protected privacy interests in the conduct of law enforcement investigations. By contrast, the public interest in disclosure of names of these employees is slight. *Id.* The names of the employees will not "shed[] light on [the] agency's performance of its statutory duties." *Reporters Comm*., 489 U.S. at 772, as contemplated by the FOIA. In fact, the public has an interest in non-disclosure of this information as disclosure may diminish the ability of law enforcement personnel to perform their duties. Little Dec. at ¶24.

Releasing the names of these individuals would constitute an unwarranted invasion of privacy. Further, in each instance, it was determined that there was no public interest in the release of the information because its dissemination would not help to explain the activities and operations of the DEA. *Id*. at ¶¶16-17. Indeed, the plaintiff provided no facts to show any public interest in the disclosure of these individuals' identities. *Id*. at ¶16. *See National Archives and Records Admin. v. Favish* , 541 U.S. 157, 172 (2004)("Where the privacy concerns addressed by Exemption 7(C) are present, the exemption requires the person requesting the information to establish a sufficient reason for the disclosure.")

Thus, DEA properly reasoned that there was no public interest which would counterbalance or outweigh the privacy interests of these third party individuals.

7

**Exemption 7(f)**

In conjunction with its treatment of the responsive documents under Exemption 7(c), DEA also applied Exemption 7(f). Little Dec. at ¶¶21-24. Exemption 7(f) allows agencies to withhold identifying information of individuals when disclosure "could reasonably be expected to endanger [that person's] life or physical safety. 5 U.S.C. § 552(b)(7)(F). *See Moody v. Drug Enforcement Admin*. 592 F.Supp. 556, 559 (D.D.C.1984) (The personnel protected included members of the DEA as well as members of law enforcement personnel from other governmental agencies.). It has been the experience of DEA that the release of the identities of law enforcement personnel has in the past resulted in physical attacks, threats, harassment and attempted murder. *Id*. at ¶ 23. DEA believes that the release of the identities of the law enforcement personnel could make them targets of abuse. *Id.* Therefore, Exemption 7(f) also was properly applied.

**EOUSA Disclosed All Reasonably Segregable Portions of Records.**

The District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." *Trans-Pacific Policing Agreement v. U.S. Customs Service*, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. U.S. Dept. of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). In this case the DEA deleted only the names and initials of government employees. Accordingly, all information withheld is exempt from disclosure pursuant to a FOIA exemption, and the documents were properly segregated.

## CONCLUSION

For the reasons stated herein, plaintiff cannot establish any violation of the Freedom of Information Act concerning the processing of the DEA documents and summary judgment should be entered for EOUSA.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH C. CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

9

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on this 20th day of March, 2006 a copy of the foregoing Motion for Summary Judgment Concerning DEA Documents was mailed first class postage prepaid to the defendant pro se

Manuel A. Geronimo  
R22893-038  
MCI Devens  
PO Box 879  
Ayer, MA 01432.

                                                                                                  _____  
                                                                           Rhonda C. Fields  
                                                                           Assistant United States Attorney