UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANUEL GERONIMO )
)
         Plaintiff )
)
v. )
) Civil Action No. 05-1057 JDB
EXECUTIVE OFFICE FOR UNITED )
STATES ATTORNEYS )
)
         Defendant )
_____)

## DECLARATION OF WILLIAM C. LITTLE, JR.

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

1. I am an Attorney admitted to and a member in good standing of the Bar of the State of Pennsylvania. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibility are matters involving the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and Privacy Act (PA), 5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999.

2. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

3. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

4. The purpose of this declaration is to respond to Plaintiff's complaint brought under the Freedom of Information Act. In preparing this declaration, I read and am familiar with the complaint in the above entitled action. I personally review of the contents of the file and records maintained by the DEA Freedom of Information Operations Unit (SARO) that relate to the referral of 138 pages of information by letter dated September 26, 2005, from the Executive Office for United States Attorneys (EOUSA) to DEA for processing for a direct response to the requester. .

5. SARO is the DEA office responsible for responding to, searching for, processing and the releasing of information requested under FOIA and PA. I am familiar with the policies, practices

and procedures employed by SARO that relate to processing and releasing of information responsive to FOI/PA requests received by the DEA.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

6. By letter dated September 26, 2005, the Executive Office for United States Attorneys (EOUSA) forwarded 138 pages of information to DEA for processing and a direct response to the requester. Also forwarded was a copy of the plaintiff's request to EOUSA.[1] Although the EOUSA letter stated that 140 pages were referred, a thorough count of the documents was performed by myself and other DEA employees revealed that 138 pages, including the cover letter and a blank page, were referred. A copy of the EOUSA letter dated September 26, 2005, is attached as Exhibit A.

7. By letter dated January 24, 2006, DEA released portions of 46 pages and two (2) pages in their entirety to the plaintiff. Information was withheld pursuant to FOIA exemptions (b)(6), (b)(7)(C), and (b)(7)(F). A copy of the DEA letter dated January 24, 2006, is attached as Exhibit B.

8. Excluding the duplicate pages, the 48 pages of responsive information consist of:

    (a). one (1) DEA Report of Drug Property Collected, Purchased or Seized forms;

---

[1] DEA had no record of receipt of the documents on or about September 26, 2005. Upon an inquiry from the Office of the U.S. Attorneys, EOUSA was contacted and the documents were forwarded again on December 29, 2005.

(b). two (2) DEA Forensic Chemist Worksheet forms;

(c). four (4) DEA Laboratory Report cover sheets;

(d). one (1) DEA Form 501, Fax Transmittal Sheet;

(e). thirty-eight (38) pages of pertinent and analytical material, such as charts and graphs depicting infrared/spectrographic analyses;

(f). one (1) page containing the words "chemist reports"; and,

(g). one containing the word "chemist."

9. An itemization of the 88 duplicate pages is attached as Exhibit C.

10. Detailed discussions of the basis and justification for invoking the Freedom of Information Act exemptions for all of the redacted material, are set forth below. The exemptions utilized by DEA to withhold material pursuant to the Freedom of Information Act are (b)(7)(C) and (b)(7)(F) of 5 U.S.C. § 552.

11. By letter dated February 3, 2006, DEA acknowledged receipt of the referral to EOUSA, and returned the duplicate pages. A copy of the DEA letter to EOUSA dated February 3, 2006, is attached as Exhibit D.

## EXEMPTION (b)(6) - PERSONAL PRIVACY

12. 5 U.S.C. § 552 (b)(6) exempts from mandatory release information contained in personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Release of third party names and information would constitute a

clearly unwarranted invasion of the privacy of the individuals. No public interest in the release of this information would counter-balance the individual's privacy right in the information under this exemption.

## RECORDS OR INFORMATION COMPILED FOR LAW ENFORCEMENT PURPOSES

### Exemption (b)(7) Threshold

13. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, et seq. (hereinafter, the Act) which authorizes DEA to enforce the Act through the investigation of incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels; seize and forfeit assets derived from, traceable to, or intended to be used for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange information in support of drug traffic prevention and control.

14. The records referred by EOUSA request are laboratory and criminal investigative records. The records were compiled during criminal law enforcement investigations.

### Exemption (b)(7)(C) - Invasion of Privacy

15. 5 U.S.C. § 552 (b)(7)(C) sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an

unwarranted invasion of personal privacy. Most of the responsive pages contain the name or initials of a DEA Forensic Chemist. The DEA Form 7 contains the names of U.S. Customs Service (USCS) Special Agents. Releasing their identities and information pertaining to these individuals would place the Special Agents, and other law enforcement officers and personnel in a position that they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in the context of a criminal law enforcement investigatory file. The DEA Form 7 also contains the names of third parties investigated by USCS.

16. In making the determination to withhold this information, the individuals' privacy interests were balanced against any discernible public interest in disclosure of the individuals' identities. In this instance, the plaintiff provided no facts to show any public interest for which any potential public interest would outweigh the privacy interests of the individuals. Thus, disclosure the identities would be an unwarranted invasion of their personal privacy.

17. In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of any individual whose name appeared in the documents at issue. The public interest in disclosure of the names was determined by whether the information in question would inform the plaintiff or the general public about DEA's performance of its mission to enforce Federal criminal statutes and the Controlled Substance Act, and/or how DEA conducts its internal operations and investigations. In this case, it was determined that there was no legitimate public interest in the names withheld under exemptions (b)(6) and (b)(7)(C), and

release of any information about a third party would constitute an unwarranted invasion of that third party's personal privacy.

18. The USCS Special Agents cement officers were assigned to handle tasks relating to the official investigation into the criminal activities of third parties. They were, and possibly still are, in positions of access to information regarding official law enforcement investigations. If their identities are released, they could become targets of harassing inquiries for unauthorized access to information pertaining to ongoing and closed investigations. There is no public interest to be served by releasing the identities of USCS agents.

19. The identities of government employees, including a DEA Forensic Chemist and DEA laboratory director, were withheld. Releasing their identities and information pertaining to these individuals would place them in such a position that they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in a criminal law enforcement investigatory file.

20. Government employees were assigned to handle tasks relating to the official investigation into the criminal activities of the plaintiff and third parties. They were, and possibly still are, in positions of access to information regarding official law enforcement investigations. If their identities are released, they could become targets of harassing inquiries for unauthorized access to information pertaining to ongoing and closed investigations. Also, release of their identities

would constitute an unwarranted invasion of their personal privacy. There is no public interest to be served by releasing the identities of government and other employees.

## SAFETY OF LAW ENFORCEMENT PERSONNEL AND OTHER INDIVIDUALS

21. The names of a DEA Forensic Chemist and Laboratory Director and a USCS Supervisory Special Agent, were withheld in accordance with 5 U.S.C. § 552 (b)(7)(F). Exemption (b)(7)(F) sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual.

22. Special Agents and Supervisory Special Agents, as well as members of other law enforcement entities, are frequently called upon to conduct a wide variety of investigations, including sensitive and dangerous undercover operations. Special Agents routinely approach and associate with violators in a covert capacity. Many of those violators are armed and many have known violent tendencies.

23. It has been the experience of DEA that the release of identity of Special Agents, law enforcement personnel, and other individuals in matters falling under the investigative responsibilities of DEA, has, in the past, resulted in several instances of physical attacks, threats, harassment and attempted murder of undercover and other DEA Special Agents. It is anticipated

that these individuals would become targets of abuse if they were identified as participants in enforcement operations.

24. In addition, if the names of Special Agents and other law enforcement personnel were released, pursuant to the FOIA, DEA would be releasing this data to the public realm. DEA considers it to be within the public interest not to disclose the identity of Special Agents so that they may effectively pursue their undercover and investigatory assignments. These assignments are a necessary element in support of DEA's objective -- the suppression of the illicit traffic of narcotic and dangerous drugs. Public disclosure of the identities of investigatory personnel would have a detrimental effect on the successful operation of DEA, as well as risk harassment and danger to its agents, USCS special agents, and other law enforcement personnel. This information was also withheld pursuant to Exemption (b)(7)(C).

25. I declare under the penalty of perjury that the foregoing is true and correct.

*March 30, 2006*
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537



**FILE COPY**   U.S. Department of Justice

IN LITIGATION:
Manuel Geronimo v. U.S. DOJ
Civ. No. 1:05-cv-01057 (JDB)
AUSA Rhonda Fields 202-305-4851

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

To: DEA

Request Number: 03-1038

Requester: Manuel Geronimo

Subject of Request: Self/USAO-DMA

Dear FOIA/PA Contact Person:

The enclosed Freedom of Information Act/Privacy Act request was received by this office. The paragraphs checked below apply:

1. [ ]   As your office may have records responsive to this request, we are referring it to you for a direct response to the requester.

2. [x]   While processing this request, we located the enclosed records which originated in your office. We are referring __140__ page(s) of material and a copy of the request to you for a direct response to the requester.

We have notified the requester of this referral.

If you have any questions about this matter, please contact the FOIA/PA processor named below.

Sincerely,

Marie A. O'Rourke
Assistant Director

Name: John F. Boseker, Atty Adv.

Phone: 202-616-6766

Enclosure(s): referral

ATTN: BILL LITTLE

Form No. 007 - 3/00



EXHIBIT A  Little



**U. S. Department of Justice**
Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

www.dea.gov

Mr. Manuel Geronimo
#22893-038
FMC FCM Devens
P.O. Box 879
Ayer, MA 101432-0879

Re: *Manuel Geronimo v. Executive Office for United States Attorneys,* CA 05-01057
    DEA FOIA Request No. 06-0418-P

Dear Mr. Geronimo:

    Enclosed please find portions of 46 pages and two (2) pages in their entirety. The information was referred to the Drug Enforcement Administration (DEA) by letter dated September 26, and re-transmitted December 29, 2005, from the Executive Office of United States Attorneys (EOUSA) and is responsive to your Freedom of Information Privacy Act (FOIA/PA) request dated November 21, 2004.

    Although the EOUSA indicated that 140 pages were referred, after a thorough count and review, DEA counted only 138 pages. The material included a one (1) page cover sheet, a single blank page and 136 pages of material related to forensic testing conducted by a DEA drug laboratory. Of the 136 pages, DEA found that the test results were copied three (3) times resulting in 88 pages of exact duplicates. The duplicates were not provided to you and will be returned to EOUSA for whatever action they deem appropriate.

                            Sincerely,

                            William C. Little, Jr.
                            Senior Attorney
                            Administrative Law Section

CCA:WCLittle
CCA Chron
CCA File
EOUSA
Rhonda Fields, AUSA
Document name:H: :My Documents/correspondence/releaseltr.wpd:12/13/05

EXHIBIT B Little



**U. S. Department of Justice**

Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

---

*www.dea.gov*

Ms. Marie A. O'Rourke
Assistant Director
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530

Re: *Manuel Geronimo v. Executive Office for United States Attorneys.*, C.A. 05-1057 JDB
    DEA Request No. 06-0418-P, EOUSA Request 03-1038

Dear Ms. O'Rourke:

The Drug Enforcement Administration (DEA) is writing to acknowledge the receipt on December 29, 2005, of 138 pages of material by letter dated September 26, 2005, and re-sent on December 29, 2005, in response to the Freedom of Information/Privacy Act (FOI/PA) request of Manuel Geronimo dated November 21, 2004. Although the cover letter to DEA stated that 140 pages were referred, a thorough count of the pages produced 138 pages, including the cover letter and a blank page.

The review of the documents by DEA revealed that 88 of the 136 pages were duplicates. It appears that the lab reports were copied approximately three (3) times resulting in 88 pages of exact duplicates. The duplicate pages are returned to your office for whatever action you deem appropriate. The pages are tabbed to identify which pages were duplicates.

DEA processed and release to the plaintiff portions of the remaining 48 pages. Enclosed is a copy of DEA's response letter to the requester with copies of the released documents attached.

                                Sincerely,


                                William C. Little, Jr.
                                Senior Attorney
                                Administrative Law Section

Enclosures


EXHIBIT
D
Little

| PAGE RELEASED | DUPLICATE PAGE |
|---|---|
| 1 | 49, 101 |
| 2 | 67, 102 |
| 3 | 68, 103 |
| 4 | 69, 104 |
| 5 | 51, 70, 105 |
| 6 | 50, 71, 106 |
| 7 | 72, 107, |
| 8 | 73, 109, 135 |
| 9 | 74, 98, 110, 136 |
| 10 | 52, 75, 111 |
| 11 | 54, 76, 112 |
| 12 | 55, 77, 78 |
| 13 | 56, 79, 80 |
| 14 | 57, 81, 97, 113, 127 |
| 15 | 53, 82, 114 |
| 16 | 58, 83, 115 |
| 17 | 59, 84, 116 |
| 18 | 60, 85, 117 |
| 19 | 61, 86, 118 |
| 20 | 62, 87, 119 |
| 21 | 63, 88, 120 |
| 22 | 64, 89, 121 |
| 23 | 65, 90, 92, 94 |
| 24 | 66, 91, 93, 95 |
| 27 | 122 |

# EXHIBIT C
Page 1


EXHIBIT
C
Little

| | |
|---|---|
| 28 | 123 |
| 29 | 124 |
| 30 | 125 |
| 31 | 126 |
| 32 | 96 |
| 33 | 128 |
| 34 | 129 |
| 37 | 99 |
| 38 | 100 |
| 39 | 130 |
| 40 | 131 |
| 41 | 132 |
| 42 | 133 |
| 43 | 134 |
| 44 | 109 |

**EXHIBIT C**
Page 2