| | | Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| 1. Affidavit of Special Agent dated 12/03/1999 | 6 | Records released with partial redactions, information withheld pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E) & (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to redact case processing information. Release of this information would alert criminals as to how ICE sequentially processes an investigation; (b)(6) & (b)(7)(C) ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal privacy information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to redact the names of Special Agents and third parties; (b)(7)(D) to protect the identity of a confidential source. Although there was no express promise of confidentiality, it is implied by the very nature of the crime investigated, which was the smuggling of controlled substances into the United States; (b)(7)(E) to protect from disclosure the use of law enforcement techniques and procedures the disclosure of which would risk circumvention of law. ICE used this exemption to redact a specific technique used to observe criminals in the commission of a criminal act. (b)(7)(F) to protect from disclosure third party information, the release of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 2. Application and Affidavit for Search Warrant dated 12/22/1999 | 4 | Records released with partial redactions, information withheld pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E) & (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to redact case processing information. Release of this information would alert criminals as to how ICE sequentially processes an investigation; (b)(6) & (b)(7)(C) ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal privacy information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to redact the names of Special Agents and third parties; (b)(7)(D) to protect the identity of a confidential source. Although there was no express promise of confidentiality, it is implied by the very nature of the crime investigated, which was the smuggling of controlled substances into the United States; (b)(7)(E) to protect from disclosure the use of law enforcement |

| Document Description | Pages | Disposition and Exemptions |
|---|---|---|
| \multicolumn{3}{c}{Vaughn Index — Case of Manuel Geronimo — EOUSA Referral} |||
|  |  | techniques and procedures the disclosure of which would risk circumvention of law. ICE used this exemption to redact a specific technique used to observe criminals in the commission of a criminal act. (b)(7)(F) to protect from disclosure third party information, the release of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 3. Subpoena dated 10/13/2000 | 1 | Records released with partial redactions, information withheld pursuant to exemptions (b)(2), (b)(6) and (b)(7)(C) - (b)(2) to protect from disclosure internal matters of a trivial nature, the disclosure of which sheds no light on the operation of the government or is of no public interest. ICE used this exemption to redact the addresses and telephone numbers of Agency personnel; (b)(6) & (b)(7)(C) ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. The names of Agency employees were redacted pursuant to this exemption. |
| 4. Report of Investigation: No. 001 | 2 | Records released with partial redactions, information withheld pursuant to exemptions (b)(2), (b)(7)(C), (b)(7)(E) and (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure trivial information such as case and page numbers. ICE also used this exemption to exclude from disclosure internal information of a more substantial nature. Release of this information could hinder future prosecutions and have a negative effect on the operation of government offices. ICE also used this exemption to redact the names of Special Agents and internal investigative procedures; (b)(7)(C), ICE used this exemption to protect from disclosure personal information in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE redacted the names of Special Agents and third parties; (b)(7)(E) to protect from disclosure the use of law enforcement techniques and procedures. ICE used this exemption to protect from disclosure the specific law enforcement techniques used to further the investigation and ensure a criminal prosecution. Disclosure of this information would jeopardize future investigations and prosecutions; |

| Document Description | Pages | Disposition and Exemptions |
|---|---|---|
| <td colspan="3">Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral</td> |
| | | (b)(7)(F) to protect from disclosure information from third parties, the release of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 5. Report of Investigation: No. 002 | 2 | Records released with partial redactions, information withheld pursuant to exemptions (b)(2), (b)(7)(C), (b)(7)(E) and (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure trivial information such as case and page numbers. ICE also used this exemption to exclude from disclosure internal information of a more substantial nature. Release of this information could hinder future prosecutions and have a negative effect on the operation of government offices. ICE also used this exemption to redact the names of Special Agents and internal investigative procedures; (b)(7)(C), ICE used this exemption to protect from disclosure personal information in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE redacted the names of Special Agents and third parties; (b)(7)(E) to protect from disclosure the use of law enforcement techniques and procedures.  ICE used this exemption to protect from disclosure the specific law enforcement techniques used to further the investigation and ensure a criminal prosecution. Disclosure of this information would jeopardize future investigations and prosecutions; (b)(7)(F) to protect from disclosure information from third parties, the release of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 6. Miscellaneous notes | 2 | Records released with partial redactions, information withheld pursuant to exemptions (b)(2), (b)(6), (b)(7)(C) and (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to redact the names of Special Agents. Release of this information could hinder future prosecutions and have a negative effect on the operation of government offices; (b)(6) and (b)(7)(C), ICE used both of these exemptions to protect from disclosure personal information in law enforcement records, the release of which |

| Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | would constitute an unwarranted invasion of personal privacy. ICE redacted the names of Special Agents and third parties; (b)(7)(F) to protect from disclosure personal information, the release of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 7. Subpoena, issued 10/19/2000 | 2<br><br>Note | Records release with partial redactions pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), & (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which shed light on the operation of the government or be in the public interest. ICE used this exemption to redact from disclosure the Special Agent's address and telephone number; (b)(6) & (b)(7)(C) ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used this exemption to redact the names of Special Agents; (b)(7)(F) to protect the names of Agents, the disclosure of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 8. Hand written note and a copy of transparencies of telephone call information telephone number from; to time of call and length of call | 6 | Records release with partial redactions pursuant to exemptions (b)(6), (b)(7)(C), & (b)(7)(F) – (b)(6) and (b)(7)(C) ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to redact the names and telephone numbers of third parties; (b)(7)(F) to protect from disclosure third parties information, the release of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 9. Receipt from Powerhouse Gym dated 11/30/1999 | 1 | Released in whole |
| 10. Identification cards: copies thereof | 4 | Released in whole |
| 11. Electric bill dated 11/09/1999 | 1 | Released in whole |
| 12. Miscellaneous papers | 16 | Records released with partial redactions, information withheld pursuant to exemptions (b)(6) and (b)(7)(C) – ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an |

| | | Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | unwarranted invasion of personal privacy. ICE used these exemptions to protect from disclosure names of third parties and one address. |
| 13. Reproductions of photograph | 2 | Released in whole |
| 14. Three (3) declarations in the Spanish language | 3 | Exempt in whole pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a substantial nature the disclosure of which could risk circumvention of agency requirements; (b)(6) and (b)(7)(C) to protect from disclosure personal information found in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold from disclosure these declarations, as the information contained therein would identify third party declarants; (b)(7)(D) to protect the identity of a confidential source. Although there was no express promise of confidentiality, it is implied by the very nature of the crime investigated, which was the smuggling of controlled substances into the United States; (b)(7)(F) to protect the safety of a third party essential to building the case for prosecution and obtaining convictions, the disclosure of which could reasonably result in the endangerment of life and physical safety due to the nature of this investigation (drug smuggling). |
| 15. Pages from an address book | 12 | Exempt in whole pursuant to exemptions (b)(6), (b)(7)(C), and (b)(7)(F) – ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold these pages containing the names and telephone numbers of third parties; (b)(7)(F) to protect the safety of third parties, the disclosure of this information could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 16. Miscellaneous papers | 8 | Exempt in whole pursuant to exemptions (b)(6) and (b)(7)(C) – ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. These papers are scraps of papers with names and telephone numbers, personal bills and receipts. |
| 17. Letter and envelope in Spanish language | 3 | Exempt in whole pursuant to exemptions (b)(6) and (b)(7)(C) - ICE used both (b)(6) and (b)(7)(C) to protect from disclosure |

| Vaughn Index Case of Manuel Geronimo EOUSA Referral | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | personal information, the release of which would constitute an unwarranted invasion of personal privacy. This document is a personal letter and envelope that contain information that will clearly identify the third party writer. |
| 18. Sprint bill | 4 | Exempt in whole pursuant to exemptions (b)(6) and (b)(7)(C) - ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. These records are Sprint telephone bills of a third party that clearly contain personal information. |
| 19. Tape Log (T-1 thru T-7 & V-1) [English and Spanish translations side by side] with one (1) page table of content | 54 | Exempt in whole pursuant to exemptions (b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(E) & (b)(7)(F) – (b)(2) to protect from disclosure information that relate to the internal practices of an agency of a substantial nature the, disclosure of which could risk circumvention of agency requirements. ICE used this exemption to withhold the transcripts of tape-recorded conversations of third parties. ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold information that clearly identify third parties; (b)(7)(E) to protect from disclosure the use of law enforcement techniques and procedures. ICE used this exemption to protect from disclosure the specifics of the tape-recorded messages. (b)(7)(F) to protect the third party information, the disclosure of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 20. Tape Log T-8; English and Spanish translations side by side | 6 | Exempt in whole pursuant to exemptions (b)(2), (b)(6) (b)(7)(C), (b)(7)(D), (b)(7)(E) & (b)(7)(F) – (b)(2) to protect from disclosure information that relate to the internal practices of an agency of a substantial nature the, disclosure of which could risk circumvention of agency requirements. ICE used this exemption to withhold the transcripts of tape-recorded conversations of third parties. ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. These records contain personal information that clearly identify third parties mentioned therein; (b)(7)(E) to protect from disclosure the use of law enforcement techniques and procedures. ICE used this exemption to protect from disclosure the specifics of the tape-recorded messages; (b)(7)(F) to protect the third party |

| Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | information, the disclosure of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 21.  Hand written notes with telephone numbers | 4 | Exempt in whole pursuant to exemptions (b)(2), (b)(6), (b)(7)(C) - (b)(2) to protect from disclosure internal matters of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to withhold these case notes. ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold personal identifiers and telephone numbers that clearly identify third parties. |
| 22.  Telephone call log; English and Spanish translations side by side | 19 | Exempt in whole pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E) & (b)(7)(F) – (b)(2) to protect from disclosure information that relate to the internal practices of an agency of a substantial nature the, disclosure of which could risk circumvention of agency requirements. ICE used this exemption to withhold the transcripts of tape-recorded conversations of third parties. ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold personal information that clearly identifies third parties; (b)(7)(E) to protect from disclosure the use of law enforcement techniques and procedures.  ICE used these exemptions to protect from disclosure the specifics of the tape-recorded messages; (b)(7)(F) to protect the third parties information, the disclosure of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 23.  Telephone call log; English and Spanish translations side by side | 2 | Exempt in whole pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E) & (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to withhold the transcripts of tape-recorded conversations of third parties.  ICE used both (b)(6) and (b)(7)(C) to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold personal identifiers and telephone numbers that clearly identify third parties; (b)(7)(E) to protect from disclosure the use of law |

| | | Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | enforcement techniques and procedures. ICE used this exemption to protect from disclosure the specifics of the tape-recorded messages; (b)(7)(F) to protect the third parties information, the disclosure of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 24. Sprint telephone call information telephone number from; to time of call and length of call and billing information | 20 | Exempt in whole pursuant to exemptions (b)(6) and (b)(7)(C) to protect from disclosure personal information in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold personal information, names, telephone numbers and telephone scriber information of third parties. |
| 25. Facsimile dated 09/12/2000 | 1 | Exempt in whole pursuant to exemptions (b)(2) and (b)(7)(C) – (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which shed light on the operation of the government or be in the public interest. ICE used this exemption to withhold this facsimile; (b)(7)(C) to protect from disclosure personal information in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE used this exemption to withhold the names of ICE law enforcement personnel and the name of a third party government official. |
| 26. Hand written notes | 16 | Exempt in whole pursuant to exemptions (b)(2), (b)(5), (b)(7)(C), & (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure these hand written notes of an ICE agent, the disclosure of which could jeopardize subsequent prosecutions; (b)(5) to exempt from disclosure internal memorandums not available as part of the deliberative process; (b)(7)(C) to protect from disclosure personal information in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE used this exemption to withhold from release the names of Agency law enforcement personnel and third parties; (b)(7)(F) to protect from disclosure information that if released could reasonably be expected to endanger the life or physical safety of the persons named in the records. |
| 27. Hand written case notes | 11 | Exempt in whole pursuant to exemptions (b)(2), (b)(5), (b)(7)(C), (b)(7)(E) & (b)(7)(F) – (b)(2) to protect from disclosure internal |

| Document Description | Pages | Disposition and Exemptions |
|---|---|---|
| \multicolumn{3}{c}{Vaughn Index Case of Manuel Geronimo EOUSA Referral} | | |
|  |  | matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure these hand written notes of a Special Agent agent, the disclosure of which could jeopardize subsequent prosecutions and harm the effective operation of government offices; (b)(5) to exempt from disclosure internal memorandums not available as part of the deliberative process; (b)(7)(C) to protect from disclosure personal information in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE used this exemption to withhold the names of ICE law enforcement personnel and third parties; (b)(7)(F) to protect from disclosure information that if released could reasonably be expected to endanger the life or physical safety of the persons named in the records. |
| 28. Telephone subscriber records | 3 | Exempt in whole pursuant to both exemption (b)(6) and (b)(7)(C) to protect from disclosure personal information in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold the names of ICE law enforcement personnel and third parties; |
| 29. Report of Investigation dated 01/14/2000 | 6 | Exempt in whole pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E) & (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure trivial information such as case numbers, program codes, class numbers, TECS access codes and telephone numbers. ICE also used this exemption to exclude from disclosure internal information of a more substantial nature, such as law enforcement techniques and case-processing information. Release of this information could hinder future prosecutions; (b)(6) and (b)(7)(C), ICE used both exemptions to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold the names of ICE agents, other law enforcement personnel and third parties; (b)(7)(D) to protect from disclosure the names of confidential informants. Although express confidentiality was not |

| Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | given in this case, the circumstances under which the information was obtained reasonably infers confidentiality; (b)(7)(E) to protect from disclosure the use of law enforcement techniques and procedures.  ICE used this exemption to protect from disclosure the specific law enforcement techniques used to further the investigation and ensure a criminal prosecution. Disclosure of this information would jeopardize future investigations and prosecutions; (b)(7)(F) to protect the third parties information, the disclosure of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 30.  Report of Investigation dated 06/01/2000 | 3 | Exempt in whole pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(E) & (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure trivial information such as case numbers, program codes, class numbers, TECS access codes and telephone numbers. ICE also used this exemption to exclude from disclosure internal information of a more substantial nature that relate to the investigation, but not specifically to the plaintiff. Release of this information could hinder future prosecutions; (b)(6) and (b)(7)(C), ICE used both exemptions to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold the names of ICE agents, other law enforcement personnel and third parties; (b)(7)(D) to protect from disclosure the names of confidential informants. Although express confidentiality was not given in this case, the circumstances under which the information was obtained reasonably infers confidentiality; (b)(7)(E) to protect from disclosure the use of law enforcement techniques and procedures.  ICE used this exemption to protect from disclosure the specific law enforcement techniques used to further the investigation and ensure a criminal prosecution. Disclosure of this information would jeopardize future investigations and prosecutions; (b)(7)(F) to protect the third parties information, the disclosure of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |

| | Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| 31. Hand written case notes regarding incoming and outgoing telephone calls | 9 | Exempt in whole pursuant to exemptions (b)(2), (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) & (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure these hand written notes of an ICE agent, the disclosure of which could jeopardize subsequent prosecutions; (b)(5) to exempt from disclosure internal memorandums not available as part of the deliberative process; (b)(6) to protect personal privacy information, the disclosure of which would constitute and unwarranted invasion of privacy. ICE used this to exempt names and telephone numbers of third parties; (b)(7)(C) to protect from disclosure personal information in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE used this exemption to withhold the names of ICE law enforcement personnel and third parties; (b)(7)(F) to protect from disclosure information that if released could reasonably be expected to endanger the life or physical safety of the persons named in the records. |
| 32. Photograph indeterminate information | 4 | Exempt in whole pursuant to exemptions (b)(7)(C) – to protect from disclosure personal information in law enforcement records, the release of which would constitute an unwarranted invasion of personal privacy. ICE used this exemption to withhold these photographic records that contain the names of third parties and images that are difficult to view with the naked eye. |
| 33. Hand written case notes | 2 | Exempt in whole pursuant to exemptions (b)(2), (b)(5) & (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure these hand written notes of an ICE agent, the disclosure of which could jeopardize subsequent prosecutions; (b)(5) to exempt from disclosure internal memorandums not available as part of the deliberative process; (b)(7)(F) to protect from disclosure information that if released could reasonably be expected to endanger the life or physical safety of the persons named in the records. |
| 34. TECS II record | 3 | Exempt in whole pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), |

Case 1:05-cv-01057-JDB   Document 29-4   Filed 05/19/2006   Page 12 of 15

Page 12 of 15

| | | |
|---|---|---|
| | Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| dated 12/03/1999 | | (b)(7)(D) & (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure trivial information such as report numbers; program, commodity, reliability, evaluation and source codes, TECS access codes and telephone numbers. ICE also used this exemption to exclude from disclosure internal information of a more substantial nature that relate to the investigation, but not specifically to the plaintiff. Release of this information could hinder future prosecutions; (b)(6) and (b)(7)(C), ICE used both exemptions to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold the names of Customs Inspectors, other law enforcement personnel and third parties; (b)(7)(D) to protect from disclosure the names of confidential informants. Although express confidentiality was not given in this case, the circumstances under which the information was obtained reasonably infers confidentiality; (b)(7)(F) to protect the third parties information, the disclosure of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 35. Customs Declaration Form | 1 | Exempt in whole pursuant to exemptions (b)(6) and (b)(7)(C) – ICE used both exemptions to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE withheld the name of a Customs Inspector and a third party. |
| 36. Photographs | 2 | Exempt in whole pursuant to exemptions (b)(6) and (b)(7)(C) – ICE used both exemptions to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold the name of a third party. |
| 37. Miscellaneous documents | 22 | Exempt in whole pursuant to exemptions (b)(6) and (b)(7)(C) – ICE used both exemptions to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold the names and personal identifiers of third parties. |
| 38. Store receipt, | 4 | Exempt in whole pursuant to exemptions (b)(6) and (b)(7)(C) – |

| | Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| identification card and notes | | ICE used both exemptions to protect from disclosure personal information, the release of which would constitute an unwarranted invasion of personal privacy. ICE used these exemptions to withhold the names and personal identifiers of third parties. |
| 39. Handwritten Notes | 2 | Exempt in whole pursuant to exemptions (b)(5), (b)(6), (b)(7)(C) – (b)(5) to protect from disclosure interagency memorandums not rip for disclosure as part of the deliberative process. ICE used both (b)(6) and (b)(7)(C) to exempt from disclosure personal information, the disclosure of which would constitute an unwarranted invasion of privacy. ICE used these exemptions to redact exclude names of third parties and a pager number. |
| 40. Facsimile dated 10/17/2000 | 3 | Exempt in whole pursuant to exemptions (b)(2), (b)(5), (b)(6), (b)(7)(C) – (b)(2) to protect from disclosure internal matters of a substantial nature the disclosure of which would circumvent a legal requirement. ICE used this exemption to withhold internal processing information; (b)(5) to protect from disclosure interagency memorandums not rip for disclosure as part of the deliberative process. ICE used both (b)(6) and (b)(7)(C) to exempt from disclosure personal information, the disclosure of which would constitute an unwarranted invasion of privacy. ICE used these exemptions to exclude from disclosure names personal identifiers of third parties. |
| 41. Inventory of Search Warrant #: 99-M-1534-MBB | 2 | Exempt in whole pursuant to exemptions (b)(6) and (b)(7)(C) - ICE used both (b)(6) and (b)(7)(C) to exempt from disclosure personal information, the disclosure of which would constitute an unwarranted invasion of privacy. ICE used these exemptions to telephone numbers of third parties. The information contained in the record is not segregable. |
| 42. Application and Affidavit for Search Warrant #: 99-M-1521-001-MBB | 5 | Exempt in whole pursuant to exemptions (b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(F) – (b)(2) to protect from disclosure internal matters of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure the pager inventory analysis. Release of this information could hinder future prosecutions; (b)(6), (b)(7)(C) – (b)(5) to protect from disclosure interagency memorandums not rip for disclosure as part of the deliberative process. ICE used both (b)(6) and (b)(7)(C) to exempt from disclosure personal information, the disclosure of which would constitute an unwarranted invasion of privacy. ICE used these exemptions to redact exclude names of third parties and a pager |

| | | Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | number; b)(7)(F) to protect from disclosure the names of Special Agents and third parties, the release of which could reasonably result in the endangerment of life and physical safety due to the nature of the investigation (drug smuggling). |
| 43. Inventory of Search Warrant #: 99-M-1521-001-MBB | 2 | Exempt in whole pursuant to exemptions (b)(6) and (b)(7)(C) - ICE used both (b)(6) and (b)(7)(C) to exempt from disclosure personal information, the disclosure of which would constitute an unwarranted invasion of privacy. ICE used these exemptions to telephone numbers of third parties. The information contained in the record is not segregable. |
| 44. Facsimile dated 12/19/2000 | 1 | Exempt in whole pursuant to exemptions (b)(2), (b)(6) and (b)(7)(C) - (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure trivial information such as telephone and facsimile numbers. ICE also used this exemption to exclude from disclosure internal information of a more substantial nature. Release of this information could hinder future prosecutions and have a negative effect on the operation of government offices. ICE used this exemption to redact the names of Special Agents and prosecutor. |
| 45. Certificate of Service and Acknowledgement of Receipt dated 04/13/2000 | 1 | Exempt in whole pursuant to exemptions (b)(2), (b)(6) and (b)(7)(C) - (b)(2) to protect from disclosure internal matters of a trivial nature the disclosure of which would shed no light on the operation of the government and of a substantial nature the disclosure of which could risk circumvention of agency requirements. ICE used this exemption to exempt from disclosure trivial information such as telephone and facsimile numbers. ICE also used this exemption to exclude from disclosure internal information of a more substantial nature. Release of this information could hinder future prosecutions and have a negative effect on the operation of government offices. ICE used this exemption to redact the names of Special Agents and prosecutor. |
| | | |
| 46. Business cards; Reports of Investigation; Hand written notes | 130 | Non-responsive |
| | | |

| Document Description | Pages | Disposition and Exemptions |
|---|---|---|
| | | Vaughn Index<br>Case of Manuel Geronimo<br>EOUSA Referral |
| | | Page Summary |
| | 41 | Pages Released in Part |
| | 8 | Pages Released in Whole |
| | 238 | Pages Exempt in Their Entirety |
| | 287 | Sub Total |
| | 130 | Non Responsive |
| | 417 | Total Pages |