UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Manuel A. Geronimo,

    Plaintiff,

        v.

Executive Office for United States Attorneys,

    Defendant.

Civil Action No. 05-1057 (JDB)

MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Executive Office for United States Attorneys' ("EOUSA") response to his request for records pertaining to his criminal case prosecuted in the District of Massachusetts. EOUSA moves for summary judgment on plaintiff's claims. Upon consideration of the parties' submissions, the Court will grant in part and deny in part EOUSA's motion for summary judgment.

I. BACKGROUND

By letter dated September 26, 2005, EOUSA released to plaintiff 24 pages of responsive records, 12 of which were redacted, and withheld a total of 480 pages of responsive records. Def.'s Statement of Material Facts Not in Genuine Dispute ¶ 10. EOUSA withheld information under FOIA exemptions 2, 3, 5, and 7(C) and under subsection (j)(2) of the Privacy Act, 5 U.S.C. § 552a. Id. In addition, EOUSA referred 669 pages of material to the United States Customs Service and 140 pages of material to the Drug Enforcement Administration.[1]

---

[1] The processing of the referred pages is the subject of separate motions in this action and therefore will not be addressed here.

## II.  STANDARD OF REVIEW

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Greene v. Dalton,* 164 F.3d 671, 674 (D.C. Cir. 1999).  The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288 (1968)).  All reasonable inferences from the facts must be drawn in favor of the nonmoving party.  *Id*. at 255.

The FOIA requires a federal agency to release all records responsive to a request except those protected from disclosure by one or more of nine enumerated exemptions set forth at 5 U.S.C. § 552(b).  The district court is authorized "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).  The agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements."  *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980) (internal citation and quotation omitted); *see also Maydak v. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (the government has the burden of proving each claimed FOIA exemption).  The Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within

the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

### III.  DISCUSSION

Plaintiff challenges EOUSA's withholding of information and its search for records. As an initial matter, defendant advised plaintiff "that access to his [presentence report] could be obtained through contacting the U.S. Bureau of Prisons directly."  Facts ¶ 10.  An agency component may not deny documents it possesses "on the ground that they are available elsewhere." *Tax Analysts v. United States Dep't of Justice*, 845 F.2d 1060, 1066 (D.C. Cir. 1988), *aff'd, United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136 (1989).  In the absence of any asserted exemptions to justify withholding, EOUSA would have to release the presentence report to plaintiff.  *United States Dep't of Justice v. Tax Analysts*, 492 U.S. at 151 ("It follows from the exclusive nature of the § 552(b) exemption scheme that agency records which do not fall within one of the exemptions are 'improperly' withheld") (footnote omitted).[2]

.                    A. *EOUSA's Search for Responsive Records*

Plaintiff seeks an order requiring "the government to conduct a more proper, adequate and reasonable research to further uncover more responsive material related to plaintiff's request," Pl.'s Response and Objection to Defendant's Motion for Summary Judgment and Request to Disclose Files Withheld ("Pl.'s Opp.") at 14, but he has not advanced an argument or proffered any evidence to rebut EOUSA's showing that it performed an adequate search.  In determining the adequacy of an agency's search, the Court is guided by principles of

---

[2]  The record is not clear with respect to any basis to withhold the presentence report, and the Court therefore will require further information from EOUSA.

reasonableness. *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir.1998); *International Trade Overseas, Inc. v. Agency for International Development*, 688 F. Supp. 33, 36 (D.D.C. 1988). A search is deemed adequate upon a showing that the agency "made a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia- Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Oglesby*, 920 F.2d at 68). "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir.1985)). Here, the Court is satisfied from the Declarations of John F. Boseker ("Boseker Decl.") at ¶ 22 and Maryellen Barrett at ¶¶ 5-13 that EOUSA conducted a search reasonably calculated to locate all responsive records.

### B. EOUSA's Exemption Claims

Defendant proffers the Boseker declaration in conjunction with a *Vaughn* index that reasonably describes the documents at issue and correlates the withholdings with the asserted exemptions. *See* Def's Mtn., Attachments 1, 2.

1. Exemption 2

EOUSA withheld information contained in Document 4 under Exemption 2 in conjunction with Exemption 5. Boseker Decl. ¶ 26. Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2).

Generally, courts limit Exemption 2 protection to "trivial administrative matters of no genuine public interest" ("low 2" exempt information), and to information that, if disclosed, "may risk circumvention of agency regulation" ("high 2" exempt information). *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C. Cir. 1992); *see Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 795 (D.C. Cir. 1990). Document 4 is a one-page "internal Opening/Closing form[]" completed by an assistant United States attorney "reporting to superiors and others in anticipation of prosecution." It is described as containing "'low' (b)(2)" information that is "purely internal [and] trivial." EOUSA has properly justified withholding Document 4 under Exemption 2 and, as concluded below, under Exemption 5 as well.

    2. <u>Exemption 3</u>

Exemption 3 protects from disclosure records that are "specifically exempted . . . by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3); *see Senate of the Commonwealth of Puerto Rico v. U. S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

EOUSA applied this exemption to 66 pages of grand jury transcripts and to the "identity of persons who testified" before the grand jury because the disclosure of such information would "reveal the scope of the grand jury and the direction of the investigation. . . ." Boseker Decl. ¶ 29. The Federal Rules of Criminal Procedure prohibit disclosure of "matters occurring before [a] grand jury." Fed. R. Crim. P. Rule 6 (e) (2); *see In re: Motions of Dow Jones & Co., Inc.*, 142 F.3d 496, 498-501 (D.C. Cir. 1998). The rule qualifies as a statute because it was affirmatively enacted by Congress. *See Fund for Constitutional Government v. Nat'l Archives and Records Service,* 656 F.2d 856, 867-68 (D.C. Cir. 1981). While acknowledging the existence of a "grand jury exception" to the general disclosure requirements of the FOIA, the

United States Court of Appeals for the District of Columbia Circuit has limited this exception to material, which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of the Commonwealth of Puerto Rico,* 823 F.2d at 582 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980)(en banc)). Exemption 3 does not shield, for example, "all preliminary interviews conducted by prosecutors supervising grand jury investigations." *Lopez v. Dep't of Justice*, 393 F.3d 1345, 1351 (D.C. Cir. 2005). EOUSA has properly justified withholding Document 13 (grand jury transcripts) and redacting from Document 12 "a summary of grand jury testimony" and third-party witness identifiers, *Vaughn* Index at 3, under Exemption 3.

    3. Exemption 5

Exemption 5 provides that an agency may withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency ." 5 U.S.C. § 552(b)(5). The Supreme Court has read this language to mean that a document must "fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath*, 532 U.S. 1, 7-8 (2001). This provision applies to materials that normally are privileged in the civil discovery context, including those protected by the attorney-work product privilege, the attorney-client privilege, and the deliberative process privilege. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); accord *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184 (D.C. Cir. 1987). "The test under Exemption 5 is whether the documents would be 'routinely' or 'normally' disclosed upon a showing of relevance." *Fed. Trade Comm'n v. Grolier,*

*Inc.*, 462 U.S. 19, 23-28 (1983); *Rockwell Intern. Corp. v. United States Dep't of Justice*, 235 F.3d 598, 606 (D.C. Cir. 2001).

EOUSA applied Exemption 5 to Documents 1, 2, 3, 4 and 9, asserting the attorney work-product and deliberative process privileges.  Boseker Decl. ¶ 31.  As described in the *Vaughn* Index, Document 1 consists of 332 pages of "AUSA Legal Research comprised of copies of published court decisions, many containing highlights and handwritten notations of thoughts on application of caselaw to Geronimo prosecution. . . ."  Document 2 is a one-page "[i]ntra-agency memo of legal research made [by a student intern] at direction of AUSA in the course of criminal prosecution regarding legal issues/case law reflected."  Document 3 consists of "AUSA handwritten notes made during the course of criminal prosecution, containing legal analysis, mental impressions, thoughts, opinion, things to do in various phases of prosecution."  Document 4 is the form described under Exemption 2, *supra*, and Document 9 is an intra-agency memo from the United States Solicitor General to the Assistant Attorney General for the Criminal Division, which was released "except for two lines discussing communications discussing instructions to be followed in connection with aspect of responding to criminal appeal."  *Vaughn* Index at 3.  According to Boseker, all of these documents contain attorney work product inasmuch as they "reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Mr. Geronimo's criminal case. [They] were prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation."  Boseker Decl. ¶ 32.

EOUSA has properly justified withholding the enumerated documents or portions thereof under Exemption 5 as attorney work-product.  Because this exemption protects from disclosure "the entire contents of [such] documents–*i.e.*, facts, law, opinion, and analysis," *Judicial Watch v. Dep't of Justice*, 432 F.3d 366, 372 (D.C. Cir. 2005), the Court need not address

the withholding of "these same records, in certain instances" as protected by the deliberative process privilege.  Boseker Decl. ¶ 33.

    4. <u>Exemption 7</u>

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that the production of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7).  It cannot be reasonably disputed here that the threshold requirement that the records at issue were compiled for law enforcement purposes is satisfied.

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  In determining whether this exemption applies to particular material, the Court must balance the substantial interest in privacy of the individual mentioned in the record against the public's interest in disclosure.  *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993).  It is the "interest of the general public, and not that of the private litigant," that the Court considers in this analysis.  *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir. 1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir. 1975)).  "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).  An overriding public interest warranting disclosure of exempt material is established only upon a showing that the withheld information is necessary to confirm or refute "compelling evidence that the agency denying the FOIA request is engaged in illegal activity." *Quinon v. FBI*, 86 F.3d 1222, 1231 (D.C. Cir. 1996) (citations omitted).  "Where the privacy concerns addressed by Exemption 7(C) are present, . . . [the requester] must show that

the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *National Archives and Records Administration v. Favish*, 541 U.S. 157, 172 (2004). In making such a showing, plaintiff must assert "more than a bare suspicion" of official misconduct. *Id*. at 174. He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id*. Otherwise, the balancing requirement does not come into play. *See id*. at 175.

EOUSA applied Exemption 7(C) to Documents 3, 5, 6, 7, 8, 10, 11, 12 and 13 to withhold the identities of and personal information about third-party individuals. Boseker Decl. ¶ 35. Boseker explains that the release of such information "could result in unwanted and even unlawful efforts to gain further access to such persons . . . [and] also lead to harassment, harm, or exposure to unwanted and/or derogatory publicity. . . ." *Id*. In addition, "EOUSA determined that there was no public interest in the information if released, because its dissemination would not help to explain the activities and operations of the EOUSA." *Id*. ¶ 38. Exemption 7(C) allows broad categorical protection of information that identifies third parties in law enforcement records. *See Nation Magazine v. United States Customs Serv*., 71 F.3d 885, 896 (D.C. Cir. 1995) (records revealing subjects, witnesses, and informants in law enforcement investigations categorically exempt); *see also SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991) (the privacy interests of third parties mentioned in law enforcement records are "substantial"); *Stern v. Federal Bureau of Investigation*, 737 F.2d 84, 92 (D.C. Cir. 1984) (individuals have a "strong interest in not being associated unwarrantedly with alleged criminal activity").

Plaintiff baldly asserts that the information about "cooperating witnesses" should be released "because the public as well as the plaintiff have an interest and the right to know what is our government up to [sic]." Pl.'s Opp. at 3. He does not contend that the withheld information is necessary to confirm or refute unlawful activity by EOUSA and therefore has failed to trigger the balancing requirement. Plaintiff also claims that the government has "waived" its Exemption 7(C) claim by disclosing third-party information during the criminal investigation or prosecution. *Id*. (citing Pl's Ex. D - Reports of Investigation). But the release of third-party information "elsewhere [does not] cause[] [one's] substantial privacy interests under exemption 7(C) to be diminished." *Fitzgibbon v. CIA*, 911 F.2d 755, 768 (D.C. Cir. 1990). Moreover, plaintiff has pointed to nothing establishing that the otherwise exempt information was previously "disclosed and preserved in a permanent public record" so as to compel disclosure on the basis that the information is in the public domain. *Cottone v. Reno*, 193 F.3d 550, 553-54 (D.C. Cir. 1999) (citations omitted); *see Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) (plaintiff has the initial burden of showing prior disclosure by "point[ing] to 'specific' [publicly disclosed] information identical to that being withheld") (citation omitted).

The Court thus concludes that EOUSA has properly justified withholding third-party identifying information under Exemption 7(C).

### C. Segregability of Responsive Records

The Court is required to determine whether defendant has properly withheld documents 1-5 and 13 in their entirety. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999). Boseker avers that "[e]ach document was evaluated to determine if any information could be segregated and released [and that] the

documents withheld in their entirety contained no meaningful portions that could be released without destroying the integrity of the document. . . ." Boseker Decl. ¶ 41.

As previously determined, *supra* at 7, EOUSA properly withheld documents 1, 2, 3, and 4 in their entirety under Exemption 5 as containing information that is protected by the attorney work-product privilege. By their nature, the 66-pages of grand jury transcripts (Document 13) are not reasonably segregable and therefore were properly withheld in their entirety under Exemption 3. *See Dipietro v. Executive Office for U.S. Attorneys,* 357 F. Supp.2d 177, 183 (D.D.C. 2004) (approving the withholding of grand jury transcripts in their entirety); *see also, e.g., Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 554 (6th Cir. 2001) (remanding for segregability determination "excluding the 821 pages of grand jury materials withheld pursuant to Rule 6(e))"; *Church of Scientology Intern. v. U.S. Dep't of Justice,* 30 F.3d 224, 235 (1st Cir. 1994) ("[grand jury] documents . . . whose contents are testimonial in nature . . . ordinarily may be withheld simply on the basis of their status").

The remaining Document 5 consists of 60 pages of "entirely third party individual [criminal] records, none of whom has provided consent/authorization to disclose such information." *Vaughn* Index at 2. EOUSA determined this document to be "categorically exempt" from disclosure under Exemption 7(C), *id*, but "Exemption 7(C) ordinarily permits the Government to withhold only the specific information to which it applies [*i.e.*, names, addresses and other identifying information], not the entire page or document in which the information appears. . . ." *Mays v. Drug Enforcement Administration*, 234 F.3d 1324, 1327 (D.C. Cir. 2000). Contrary to Boseker's general statement about segregability, then, the categorical treatment of Document 5 as revealed by the *Vaughn* index raises doubt as to whether this document was properly reviewed for segregability. Accordingly, EOUSA's motion for summary judgment on its withholding of Document 5 in its entirety will be denied without prejudice.

## CONCLUSION

For the preceding reasons, EOUSA's motion for summary judgment is granted except as to the withholding of plaintiff's presentence report and Document 5. A separate Order accompanies this Memorandum Opinion.

s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: July 14, 2006