UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANUEL A. GERONIMO, )
          Plaintiff, )
 )
v. ) Civ. No. 05-1057 (JDB)
 )
UNITED STATES DEPARTMENT OF )
      JUSTICE, et al., )
          Defendant. )
_____)

**DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

      Defendant respectfully moves this Court for summary judgment on behalf of the Executive Office of United States Attorneys ("EOUSA"), Department of Justice, ("DOJ") concerning plaintiff's pre-sentence report and Document 5. In the memorandum opinion dated July 14, 2006 the Court granted defendant's motion for summary judgment with the exception of the withholding of plaintiff's presentence report and Document 5.

**PLAINTIFF'S PRESENTENCE REPORT**

      On August 11, 2006, defendant sent plaintiff's presentence report to him, without redaction, via his case manager at FCI, Devons. Boseker Dec. at ¶ 9. Plaintiff's case manager received the presentence report from EOUSA and allowed the plaintiff to review the document on August 15, 2006. Kelly Dec. at ¶¶ 3-4.

      BOP policy allows inmates to review and take notes from their presentence reports but, for security and safety, does not allow inmates to maintain the reports in their cells. *See, Martinez v. Bureau of Prisons,* 444 F.3d 620, 625 (D.C.Cir. 2006)("FOIA does not entitle him to have copies of his PSRs. Moreover, the BOP Program Statement 1351.05 p. 15, available at

http://www.bop.gov/DataSource/execute/dsPolicyLoc, which sets forth reasons, based on concerns about inmate safety, for prohibiting inmates from keeping copies of their PSRs in their cells and reflects a judgment regarding prison administration that a court would be loath to second-guess.").

Since plaintiff's presentence report has been produced in its entirety, the defendant should be granted summary judgment as to plaintiff's presentence report. *See, Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987); *Bonner v. U.S. Dept. of State*, 928 F.2d 1148, 1150 (D.C. Cir.1991).

**DOCUMENT 5:  Exemption 7(C)**

The Court found that "the categorical treatment of Document 5 as revealed by the *Vaughn* index raises doubt as to whether this document was properly reviewed for segregability.   The Court noted that "Exemption 7(C) ordinarily permits the Government to withhold only the specific information to which it applies [i.e. names, addresses and other identifying information], not the entire page or document in which the information appears. . . .  MemOp at p. 11 (citation omitted).  The Second Declaration of John Boseker ("Boseker 2"), reflects EOUSA's response to the Court's concerns.

Plaintiff articulated his FOIA request as follows:

> My case agent's entire file pertaining either directly or indirectly to me, My criminal case entitled US v. ... Geronimo, #1:00cr10013-001 out of the districts of Mass, and everything else on me including lab reports.

November 13, 2002 and March 3, 2003 requests, Boseker Dec.# 1 at Ex. A, C., and

> any and all documents, pleadings, papers and the entire file available to me in the case United States v. Manuel Geronimo, Case NO. 0010013 (RG)

November 21, 2004 request, Boseker Dec. #1 at Ex. G.

EOUSA interprets these as a request "for his own records not the records of other third party individuals." Boseker Dec. 2 at ¶2.  Therefore, EOUSA concludes that the scope of plaintiff's request "arguably excludes the records identified as Document 5, the contents of which are therefore not responsive to the request, since they do not concern Mr. Geronimo's own records. Rather they are records identified to one or more third party individuals, whose records were contained within the two boxes of materials received by EOUSA in response to Mr. Geronimo's request from the U.S. Attorney's office for the District of Massachusetts following its search."  Boseker Dec. 2 at ¶2.

Mr. Boseker, therefore, "re-reviewed the documents on a line-by-line basis to discern if they refer to Mr. Geronimo in any way, and if so, whether or not those references are segregable or so inextricably intertwined as to not permit disclosure without risk of revealing the third party individual or individuals protected by the FOIA exemptions asserted." Boseker Dec. at ¶3.

Mr. Boseker's review found that the following documents had no reference to Mr. Geronimo:  A, B, C, D, E, F, G, H-1, H-3, H-4, H-5, I, J.   Boseker Dec. 2 at ¶8.  The following documents did have references to plaintiff;  H-2 and K.

Mr. Boseker states that personal identifiers in the records -- such as names of the co-defendants, attorney names, addresses, case numbers, gender identification-- are not segregable from the rest of each document,  because the plaintiff probably can figure out which of his codefendants the documents pertain to, even if their names and other identifying personal information is redacted:

Relevant to the Court's consideration of reasonable segregability respecting the

> third party individual records withheld in their entirety is the fact that a finite universe of persons (four) participated in the narcotics conspiracy that resulted in Mr. Geronimo's trial and conviction, each having different roles in the furtherance of that conspiracy, such that third party individual documents, even if redacted of names and specific identifiers, could by their very nature and type, provide Mr. Geronimo with enough information that he might be able to identify the individual whose records these are and obviate the protections afforded those persons under the FOIA exemptions applied.   It is also noteworthy that only Mr. Geronimo did not plead guilty.

Boseker Dec. 2 at ¶ 5.

> It should be remarked herein that there is a small, finite universe of individuals prosecuted in conjunction with Mr. Geronimo, such that disclosure of any portion of the records at issue would likely enable the identity and therefore personal information about such persons to be publicly revealed.  *See e.g., Carter v. U.S. Department of Commerce, 830 F.2d 388, 390-392 (D.C. Cir. 1987)*.

 Boseker Dec. at p.2 fn 1.

The Agency believes that the documents are not subject to disclosure and cannot be segregated.[1]

**Document 5: H-2 and K**

Exemption (B)(5) also is claimed for document H-2.  Mr. Boseker states that it is a one page "memo made in anticipation of criminal prosecution and in connection with particular aspect thereof, seeking comments and recommendations, obtained (sic) as reflected in handwritten notes by several AUSAs/Supervisors expressing views of contents. Document is concerned with Rule and procedure respecting third party individual criminal prosecution and prosecution strategy." Boseker Dec. at ¶8 H-2.

The attorney work product and deliberative process privileges appropriately were applied to

---

[1] Copies of the documents are available should the Court desire to inspect the documents in camera.

this document. See defendant's motion for summary judgment at pp. 12-14. This exemption protects the entire contents of such documents. MemOp. at p. 7-8 citing *Judicial Watch v. Dep't of Justice*, 432 F.3d 366, 372 (D.C.Cir. 2005).

Exemption (B)(5) also may appropriately be claimed for document K, a presentence report of a third party individual. Exemption 5 protects from disclosure inter- and intra-agency communications that are covered by a traditional civil discovery privilege. *See, e.g. Rockwell Internat'l Corp. v. Department of Justice*, 235 F.3d 598, 601 (D.C. Cir. 2001); *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1185 (D.C. Cir. 1987).

A pre-sentence report in an inter- and intra-agency communication covered by a recognized civil discovery privilege. *See U.S. Dept. of Justice v. Julian,* 486 U.S. 1, 12 (1988). As the dissent noted

> The privilege protecting presentence reports is unquestionably "well recognized in the case law as precluding routine disclosure." *See, e.g., United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1175-1176 (CA2 1983); *United States v. Martinello*, 556 F.2d 1215, 1216 (CA5 1977); *United States v. Figurski*, 545 F.2d 389, 391 (CA4 1976); *United States v. Greathouse*, 484 F.2d 805, 807 (CA7 1973); *United States v. Evans*, 454 F.2d 813, 819-820 (CA8), cert. denied, 406 U.S. 969, 92 S.Ct. 2423, 32 L.Ed.2d 668 (1972).

*Julien*, 486 U.S. at 20 fn2. As noted above, this privilege exempts the entire contents of the report

from disclosure to third parties.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

CERTIFICATE OF SERVICE

September 11, 2006, a copy of the foregoing Renewed Motion for Summary Judgment was mailed first class postage prepaid to the defendant pro se

Manuel A. Geronimo
R22893-038
MCI Devens
PO Box 879
Ayer, MA 01432.

 

Rhonda C. Fields
Assistant United States Attorney