IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANUEL A. GERONIMO,
Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al..,
Defendant.

Civ. No. 1:05-cv-01057 (JDB)

**SECOND DECLARATION OF JOHN F. BOSEKER**

I, John F. Boseker, declare the following to be a true and correct statement of additional facts to my initial declaration, (hereinafter "Boseker Dec."), which I incorporate by reference as if set forth fully herein:

1) The purpose of my present declaration is to address the Court's Memorandum Opinion dated July 14, 2006, and concerns respecting the segregability of EOUSA Document 5, (Memorandum Op. pp. 10-11) as set forth and described in the Index attached to the Boseker Dec., the contents of which asserted the propriety of categorical withholding of the records identified by this ascription.(Boseker Dec. Para.40/Index Doc.5) In addition, disposition of the Geronimo Presentence Investigation Report is also set forth, per the Court's Order and Memorandum Op. (pg. 12) of this same date.

2) Reference is made to the fact that Mr. Geronimo's request was for his own records not the records of other third party individuals. (Boseker Dec. Paras. 8/Exh.C, 12/Exh.G,). In addition, he did not respond to the opportunities presented by EOUSA for him to request to obtain any public records following the EOUSA determination rendered upon his retrieved records. (Boseker Dec. Paras. 17-18/Exhs. J-K, 20/Exh.L) Therefore, the scope of his request

arguably excludes the records identified as Document 5, the contents of which are therefore not responsive to the request, since they do not concern Mr. Geronimo's own records. Rather they are records identified to one or more third party individuals, whose records were contained within the two boxes of materials received by EOUSA in response to Mr. Geronimo's request from the U.S. Attorney's office for the District of Massachusetts following its search. [1]

3) In response to the Court's concerns, I have re-reviewed the documents on a line-by-line basis to discern if they refer to Mr. Geronimo in any way, and if so, whether or not those references are segregable or so inextricably intertwined as to not permit disclosure without risk of revealing the third party individual or individuals protected by the FOIA exemptions asserted. As more fully discussed below, none of these records has been determined reasonably segregable.

**EOUSA SEGREGABIIITY DETERMINATIONS**

4) The Court's Memorandum Op. respecting Exemption 5 (at pp.6-8) and more importantly Exemption (b)(7)(C) (at pp.8-10) are incorporated by reference herein. As the Court has held, Mr. Geronimo has made no showing of a public interest, government impropriety, or that anything he seeks relates to 'what the government entity (EOUSA) is up to' sufficient to trigger the balancing requirement or to override the privacy exempted information withheld in whole or part identified in the Index previously submitted. The sole issue remaining is whether or

---

[1]It should be remarked herein that there is a small, finite universe of individuals prosecuted in conjunction with Mr. Geronimo, such that disclosure of any portion of the records at issue would likely enable the identity and therefore personal information about such persons to be publicly revealed. *See e.g., Carter v. U.S. Department of Commerce, 830 F.2d 388, 390-392 (D.C. Cir. 1987).* Moreover, had he made a specific request for any or all of these same records, EOUSA would have categorically denied access thereto by application of Exemption (b)(7)(C), (b)(6), and a(b) of the Privacy Act, absent his providing consent or authorization to disclose, proof of death, or showing a public interest outweighing the privacy interests protected by these exemptions as to each third party individual whose records they are. *See, e.g., Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 896 (D.C. Cir. 1995)*

not EOUSA has sufficiently performed a segregability analysis respecting the records indexed as Document 5, to which the remainder of this declaration is addressed.

5) Relevant to the Court's consideration of reasonable segregability respecting the third party individual records withheld in their entirety is the fact that a finite universe of persons (four) participated in the narcotics conspiracy that resulted in Mr. Geronimo's trial and conviction, each having different roles in the furtherance of that conspiracy, such that third party individual documents, even if redacted of names and specific identifiers, could by their very nature and type, provide Mr. Geronimo with enough information that he might be able to identify the individual whose records these are and obviate the protections afforded those persons under the FOIA exemptions applied. It is also noteworthy that only Mr. Geronimo did not plead guilty.

6) For EOUSA to withhold an entire document, all units of information in that document must fall within a statutory exemption. *Billington v. U.S. Department of Justice, 233 F.3d, 581, 586 (D.C. Cir. 2000); Trans-Pacific Policy Agreement v. U.S. Customs Service, 177 F.3d 1022, 1027 (D.C. Cir. 1999).* Nonexempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions. *Id.* Where personal identifying information so permeates the document, no part of it can be released. *Id.* As was recently recognized, a document is not "reasonably segregable" where there are no segregable parts because an exemption covers the entire document. *See e.g., Judicial Watch v. Department of Justice, Slip Op. No. 04-5444 (D.C.Cir. Dec. 27, 2005), at pg. 7.*[2]

---

[2] The rationale of the *Judicial Watch* decision, while concerning Exemption (b)(5) and the attorney work product doctrine is also applicable in principle here, where each of the documents at issue belongs to a third party individual and is protected by application of Exemption (b)(7)(C). There are no "non-third party parts" (with noted exceptions), and therefore, there are no segregable parts. *Id.*

7) After re-reviewing line-by-line each of the documents remaining at issue, as more fully discussed below, EOUSA has determined that only two documents contain any reference whatsoever to Mr. Geronimo, all other documents having no segregable portions due to the permeating third party information. In the case of the two documents (i.e. H-2 and K), one is otherwise attorney work product, made in connection with a third party individual's criminal prosecution, and thus properly withheld by Exemption (b)(5) as well as (b)(7)(C), while the other is a third party individual presentence investigation report, with references to Mr. Geronimo so inextricably intertwined and the document so permeated with third party individual identities and information that it is not reasonably segregable.[3]

8) The following documents comprise previously indexed Document 5, each of which EOUSA asserts is not reasonably segregable without risking disclosure of protected third party individual information:

**DOCUMENT 5: [RE-INDEXED INDIVIDUALLY AS "A-K" BELOW]**

**A.** *Third Party Individual Proffer*: consists of File Cover **(1 page)** and proffer letter **(2 pages)** from AUSA (signed) to attorney for third party individual (unsigned), setting forth terms

---

[3] EOUSA notes in this regard that it is prohibited from disclosing any record contained within a system of records by any means, to any person, except per written request or by prior written consent of the individual to whom the record pertains. *5 U.S.C. 552a(b)* Each of the Document 5 records addressed by this declaration is of this type. As has been well recognized, the individual has been held to be the one in control of his or her own records. *See, e.g., Fitzgibbon v. CIA, 911 F.2d, 755, 767 (D.C. Cir. 1990), Safecard Services v. SEC, 926 F.2d 1197, 1206 (D.C.Cir. 1991).* Moreover, in contrast to *Mays v. Drug Enforcement Administration, 234 F.3d 1324, 1327 (D.C. Cir. 2000),* cited by the Court's Memorandum Op. (at pg. 11), where the records at issue were those of Mr. Mays, the requester, references to Mays were intertwined with those of third party individuals, the records remaining at issue here are those belonging to other persons, containing no references to Mr. Geronimo, with the two exceptions noted and discussed below. (*See, e.g., Docs. H-2 and K)* The documents are thus either wholly exempt by their nature or so permeated as to make the Geronimo references inextricably intertwined. *See also, Court's Memorandum Op. at pg. 9, and cases cited therein.*

and conditions of proffer to that person, and specifically identified to the prosecution of this individual. On the letter's first page there are indecipherable handwritten notes, presumably written by AUSA or at AUSA's direction. Entire document concerns third party individual's criminal prosecution, negotiations between third party individual and AUSA regarding disposition of that person's case. This document was reviewed for references to Mr. Geronimo, and none were found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of Exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. To the extent that the handwritten notations reveal attorney work product or deliberative process, exemption (b)(5) is applied to those notations. This document is not reasonably segregable.

**B.** *Third Party Individual Proffer*: **(3 pages)** Substantive contents are same as "A" above, (i.e., communication between AUSA and attorney for third party individual), but document belongs to to a different individual, and all parties have signed, (contains no notations). Entire document concerns third party individual's criminal prosecution, terms and conditions particular to that individual regarding disposition of that individual's case. This document was reviewed for references to Mr. Geronimo, and none were found intertwined. Document is so permeated by third party individual information that it is withheld by application of FOIA exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. This document is not reasonably segregable.

**C.** *Folder Cover [Third Party Individual] "Exhibit Copies"*: **(1 page)** Folder cover specifically identified to third party individual, and is so permeated with third party individual information that it is withheld in its entirety by application of exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. This document was reviewed for

references to Mr. Geronimo and none were found intertwined. This document is not reasonably segregable.

**D.** *Third Party Individual Plea Agreement Letter*: **(9 pages)** Letter from AUSA to attorney for third party individual setting forth terms and conditions of individual plea agreement, and acknowledgment of same by third party individual. Entire document concerns third party individual criminal prosecution, terms and conditions of third party individual resolution of case. This document was reviewed for references to Mr. Geronimo, and none were found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. This document is not reasonably segregable.

**E.** *Passenger Transportation Ticket & Related Documents*: **(4 pages)** Made in the name of third party individual, including schedule, receipt, scrap with phone number. Documents entirely concern third party individual, and is unique in character such that third party would likely be identifiable from any disclosure. This document was reviewed for references to Mr. Geronimo, and none were found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. This document is not reasonably segregable.

**F.** *Third Party Individual Other Agency Records*:**(2 pages)** Document not referred to originating agency because entirely information about a third party individual. Document is of a type that is unique such that redaction of information specific to individual would likely be insufficient to protect identity from disclosure. To describe this document more is to risk disclosing that which is being protected by its very nature. This document was reviewed for

references to Mr. Geronimo, and none was found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. This document is not reasonably segregable.

**G.** *Third Party Individual Travel Document*: **(1 page)** Personal record of third party individual. To describe more is to risk disclosure of identity of third party individual and privacy-protected information from very nature of document's uniqueness. Document was reviewed for references to Mr. Geronimo, and none was found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. This document is not reasonably segregable.

**H.** *Third Party Individual Draft "Consent" File*: consists of the following sub-documents separately addressed:

**H-1:** *File Cover* **(1 page)** - containing third party individual name in connection with a particular rule of Criminal Procedure ("Rule" hereinafter) implicated in a procedure particular to this third party individual and that individual's criminal prosecution. This document was reviewed for references to Mr. Geronimo, and none was found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of Exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. This document is not reasonably segregable.

**H-2:** *Intra-agency Memo (from AUSA to AUSA/Supervisors)* **(1 page, referencing one or more of the other "H" documents below as attachments).** Memo made in anticipation of criminal prosecution and in connection with particular aspect thereof, seeking comments and

recommendations, obtained as reflected in handwritten notes by several AUSAs/Supervisors expressing views of contents. Document is concerned with Rule and procedure respecting third party individual criminal prosecution and prosecution strategy. Review of document reveals no reference to Mr. Geronimo by name, though references to other unnamed third party individuals and their respective roles in narcotics conspiracy, is likely reference to Geronimo. If reference to Geronimo, reference is inextricably intertwined and not segregable from other third party individuals without revealing identity of third party indivdual to whom this document principally pertains. Document is of a type unique to third party individual's prosecution, and is so permeated by third party individual information that it is withheld in its entirety not only by application of Exemption (b)(5) to protect privileged attorney work product, but by application of Exemption (b)(7)(C) to protect all third party individuals, particularly the primary subject of this memo, from unwarranted invasion of personal privacy. This document is not reasonably segregable.

**H-3:** *Letter from Attorney for Third Party Individual to AUSA:* **(1 page)** concerning Rule and third party individual criminal prosecution, referencing attachment and instructions. Letter is on attorney's letterhead. This document was reviewed for references to Mr. Geronimo, and none was found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of Exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. This document is not reasonably segregable.

**H-4:** *Letter from AUSA to Attorney for Third Party Individual:* **(1 page)** Document concerns Rule, referencing attachments comprised of other "H" documents, and discussing third party individual criminal prosecution and procedures to be followed respecting this particular

aspect of individual's case. This document was reviewed for references to Mr. Geronimo, and none were found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of Exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. This document is not reasonably segregable.

**H-5:** *Rule Forms:* **(1page/1duplicate page)** Forms concern Rule in connection with third party individual prosecution and is intra-agency transmission from AUSA to AUSA discussing third party individual criminal prosecution and instructions to be followed in completing particular unique procedure respecting this individual. This document was reviewed for references to Mr. Geronimo, and none were found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of Exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. In addition, Exemption (b)(5) applied to protect attorney work product privileged communication. This document is not reasonably segregable.

**I.** *Third Party Individual Personal Property Document*: **(1 page)** Official government agency document specifically identified to third party individual and personal property belonging thereto. Document is of such unique type and identifies individual inherently given roles of conspirators that further description would risk disclosure of identity and privacy protected information. This document was reviewed for references to Mr. Geronimo, and none were found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of Exemption (b)(7)(C) to protect individual from unwarranted invasion of personal privacy. This document is not reasonably segregable.

**J.** *Criminal Courtnote (Pre-Trial) Forms*: **(4 pages - 2 pages are duplicates with small notation differences.)** Contents concern criminal prosecution of third party individual and status

of that individual's case, and contains names and identifiers of other third party individuals. All pages withheld by application of exemption (b)(7)(C) to protect all third party individuals from unwarranted invasion of personal privacy. Document reviewed for references to Mr. Geronimo and none were found intertwined. Document is so permeated by third party individual information that it is withheld in its entirety by application of Exemption (b)(7)(C) to protect all third party individuals, particularly subject third party individual, from unwarranted invasion of personal privacy. This document is not reasonably segregable.

K. *Presentence Investigation Report of Third Party Individual:* **(25 pages)** Document contents concern third party individual and highly personal information regarding that individual and that individual's criminal prosecution. Document contains references to Mr. Geronimo at point discussing charges, convictions on two pages, and portions of offense conduct on three pages. These references are so inextricably interwined with not only subject of report, itself permeated with third party individual information, that it is withheld by application of exemption (b)(7)(C) to protect all third party individuals referenced therein and information provided personal to provider and subject of report from within from unwarranted invasion of personal privacy. This document is not reasonably segregable without risk of disclosing one or more third party individual identities and personal information about such persons.

9) EOUSA previously referred Mr. Geronimo to the U.S. Bureau of Prisons ("BOP") to obtain access to his presentence investigation report pursuant to BOP policy. It did not assert any FOIA exemptions respecting this document, considering the record to be in the possession and control of the BOP and access governed by their published procedures. However, pursuant to the Court's Order and Memorandum Opinion, EOUSA sent the Presentence Investigation Report to

Mr. Geronimo via the Case Manager, FCI Devons for handling of the disclosure on August 11, 2006. **Exhibits attached.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2006.

JOHN F. BOSEKER

Attorney Advisor, EOUSA



FILE COPY

AUG 11 2006

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 Fax 202-616-6478

Request Number: 03-1038 Date: August 10, 2006
Civil Action No. 1:05-cv-1057(JDB)(D.D.C.) Geronimo v. USDOJ et al.,

Requester: Manuel A. Geronimo

Subject of Request: Self - USAO/DMA (Criminal Case)

Dear Mr. Geronimo:

The purpose of this letter is to notify you that pursuant to the July 14, 2006 Court Order in the above referenced litigation, this office has sent your Presentence Report (PSR) to the attention of Ms. Lynne Kelly, Case Manager, FMC Devens. Ms. Kelly will contact you when she has received that document. As you are aware, this office asserted no exemptions upon the PSR. Since you are incarcerated the Bureau of Prisons controls the access to that document through its policies. If you have any questions concerning that access, please contact Ms. Kelly.

Sincerely,

William G. Stewart II
Acting Assistant Director

# FILE COPY


U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

CERTIFIED MAIL

7001 2510 0007 8202 4236

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To MANUEL GERONIMO
Street, Apt. No.; or PO Box No. R 22893-038 DEVENS FEDERAL MEDICAL CENTER
City, State, ZIP+4 P.O. BOX 879 AYER, MA 01432

PS Form 3800, January 2001 See Reverse for Instructions

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "*Return Receipt Requested*" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to: AUG 11 2006

MANUEL GERONIMO
R 22893-038
DEVENS FEDERAL MEDICAL CENTER
P.O. BOX 879
AYER, MA 01432

4a. Article Number
7001-2510-0007-8202-4236

4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery

5. Received By: *(Print Name)*

6. Signature: *(Addressee or Agent)*
X

8. Addressee's Address *(Only if requested and fee is paid)*

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

PS Form 3811, December 1994 Domestic Return Receipt

FILE COPY

AUG 11 2006

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 Fax 202-616-6478

To: Lynne Kelly, Case Manager - FMC Devons, MA

Requester: Manuel Geronimo Requester Number: 03-1038

Subject of Request: Self (Crim. No. 00-Cr-10013-001-DMA)
[Geronimo v. USDOJ et al., Civ. No. 1:05-cv-1057(JDB)(D.D.C.)

Dear Ms Kelly:

Please find enclosed a copy of inmate Manuel Geronimo's Presentence Report and the Court Order and Memorandum Opinion which directs our office to send the document to him. In accord with agreed upon policy between our offices, this office has taken no actions regarding this document other than to notify Mr. Geronimo that access to his Presentence Report is governed by BOP policies and procedures. Understanding that access is restricted in order to protect the inmate from harm while incarcerated, this office is complying with the Order by sending the document through you to him. It is understood from communication received by this office that you will handle the matter hereafter in accordance with your policies and procedures.

If you have any questions about this matter, please contact the person named below.

Sincerely,

William G. Stewart II
Acting Assistant Director

Name: John F. Boseker, Attorney Advisor

Phone: 202-616-6766
Enclosure(s)

FILE COPY

7001 2510 0007 8202 4250

CERTIFIED MAIL

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: LYNNE KELLY, CASE MANAGER G UNIT
Street, Apt. No.; or PO Box No.: FMC DEVENS - G UNIT P.O. BOX 880
City, State, ZIP+4: AYER, MA 01432

PS Form 3800, January 2001 — See Reverse for Instructions

7001 2510 0007 8202 4250

7001 2510 0007 8202 4250

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: AUG 11 2006

LYNNE KELLY, CASE MANAGER
G UNIT
FMC DEVENS
P.O. BOX 880
AYER, MA 01432

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ☐ Agent ☐ Addressee
X

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7001-2510-0007-8202-4250

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509